J. C. YETZER, Appellee, v. W. H. APPLEGATE, *et. el.*, Appellants.

| 85 | 121 |
|-----|-----|
| 118 | 703 |

| 85 | 121 |
|-----|-----|
| 128 | 346 |

1. **Receivers:** DISPOSITION OF PROPERTY AT PRIVATE SALE: VALIDITY. A receiver having been authorized to sell certain real estate at private sale, and the same being undisposed of at the time of the final decree, he was ordered by said decree to sell said property at public sale, after notice, as in sales upon execution. Pending an appeal from the final decree, the receiver notified the plaintiff, who was bondsman for the receiver, that he had an opportunity to sell said property at private sale, stating the price offered, but not disclosing to whom the sale was to be made. Understanding that he was to be notified if the plaintiff objected to the sale, and not hearing of any objection, the receiver sold the property at private sale to his sons for a sum in excess of its appraised value. *Held*, that the receiver was warranted in construing the plaintiff's silence as an assent to the sale, and having the acquiescence of all parties concerned he was authorized in thus disposing of the property, whether the first of the above orders of the court was superseded or not by the final decree.

2. ——: ——: ——. Such a sale will not be deemed invalid because of the relationship existing between the receiver and the purchaser, where it appears that it was made in good faith, for full value, with the implied consent of the party complaining, and that those interested are not prejudiced thereby.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

SATURDAY, MAY 14, 1882.

THIS is an action for the settlement of the partnership of W. H. Applegate & Co. S. J. Applegate was appointed receiver of the property of the firm, and this appeal is by the defendants from an order entered in the case disapproving a report of the receiver, showing the sale and conveyance of certain real estate, and canceling the conveyances.—*Reversed.*

*H. G. Curtis,* for appellants.

*L. L. De Lano,* for appellee.

GIVEN, J.—At the time the receiver was appointed, December 27, 1883, it was ordered "that the receiver proceed to sell the pork-packing establishment at as early a day as he can obtain the fair cash value of the same therefor at private sale." Thereafter, and before the sale, the buildings were destroyed by fire. In the final decree entered in the district court, it was ordered, among other things, that the receiver report the amount of money and property held by him, "and that all partnership property be by him sold at public sale, after giving such notice as is required for the sale of like property at execution sale." The report filed January 13, 1890, shows that until recently, before the sale, the receiver had been unable to obtain any offer for the land; that, then having an offer, he caused the same to be appraised by three competent, disinterested persons; that the land had been sold for taxes, and the time for redemption was nearly past; that he sold the land at private sale to Applegate Bros. for two hundred and seventy-five dollars and fifty cents, being more than the appraised value; that he executed and delivered

deeds conveying the interests of the firm to the pur-
chasers, having received the purchase price, and out of
the proceeds paid seventy-two dollars and fifty cents to
redeem from the tax sale, and fifteen dollars expenses
for examining records and making conveyance.

January 3, 1890, the appellee, J. C. Yetzer, filed
his petition in the nature of exceptions to the report,
and to set aside the deeds made by the receiver.
Therein he shows the orders of court already men-
tioned, and states as reasons why the report should be
disapproved, and the deeds canceled, that the sale was
not as ordered; that it was secretly and privately made
by the receiver to his sons, for an inadequate considera-
tion, without any notice to or consent of the appellee,
and for the purpose of securing the property to the
receiver himself.   The appellee states that he is upon
the bond of the receiver; that the receiver has disposed
of all his property; that he is the secret purchaser of
the land in question; that the alleged consideration has
never been paid to him; and that, if the sale is con-
firmed, the appellee will be chargeable as bondsman
therefor.

The appellants' somewhat lengthy answer to this
petition may be summed up thus: They state, as
authority for making the sale when and as it was made,
the first order of court, and that the appraisement,
sale and conveyance were made with notice to the
appellee, and without objection from him.   They state,
as showing the necessity of so selling the land, that it
had been sold for taxes, and notice to redeem served;
that the time to redeem would expire in a few days;
that the receiver did not feel justified in paying out
money to redeem without an order of court, and that
there was not sufficient time after the fact of the tax
sale was discovered to procure such an order; that those
interested in selling the property had been unable to
procure any offer therefor previously to that made by

Applegate Bros.; and that their offer was upon con-
dition that they could purchase and have possession at
once. They state, as showing that the sale was
advantageous, that the property was only suited for
manufacturing purposes, and not readily salable; that
the price paid was in excess of the appraised value, in
excess of the estimate which the appellee had formerly
placed upon it, and was its full and reasonable value.
They alleged that the sale was made in good faith,
upon the advice of counsel, and in the belief that it was
satisfactory to all concerned. They denied that the
receiver was a secret purchaser, and denied that the
consideration was not paid to him by the purchasers.

I. We first inquire as to the authority of the
receiver to make this sale when and as he did. It seems
to have been the view of the appellants
and their counsel that the second order of
the court for the sale of property did not
supersede the first order because of the
final decree, in which the last order was made, having
been appealed from, and that, regarding this as
questionable, they sought the consent of the appellee
to the sale. It appears from the testimony of Mr.
Curtis, counsel for the appellants, and Mr. De Lano,
counsel for the appellee, that Mr. Curtis called on Mr.
De Lano, and informed him that they had an offer for the
property at private sale, and wished to know what Mr.
Yetzer would desire respecting the manner in which the
sale should be made—whether he would consent that
the receiver might make a private sale. Mr. Curtis
says that he stated the price offered, but did not know
or tell who the purchasers were. Mr. De Lano agreed
to see Mr. Yetzer, and the attorneys separated; Mr.
Curtis understanding that, if Mr. Yetzer objected to the
sale, he would notify the appellants thereof, while Mr.
De Lano understood that the appellants would not
make the sale until they had first learned what Mr.

1. RECEIVERS: disposition of property at private sale: validity.

Yetzer's preferences were.    Mr. De Lano states that he saw Mr. Yetzer the next day, and told him all that Mr. Curtis had said respecting the sale, and that Mr. Yetzer told him what his desires and preferences were; that understanding that the sale would not be made until they had learned Mr. Yetzer's preferences, or whether he had any objections to the sale, he did not report his preferences.    Mr. Yetzer testified that he asked De Lano the price, that he said he did not know, and that he (Mr. Yetzer) said he did not want it sold that way.    De Lano admits that Mr. Curtis may have told him the price that was offered.    We think the fair conclusion from this testimony is that, there being a question whether the receiver had a right to sell under the first order of court, Mr. Yetzer was informed through his attorney that it was proposed to sell at private sale, and the amount that was offered, and, being so informed, interposed no objection.    We think the receiver was warranted in construing his silence as giving consent, and as, with that consent, he had the acquiescence of all parties concerned in the making of the sale, we conclude that he was authorized to make it, whether the first order of court was superseded or not.

II.    The sale, though made under authority, should not be approved unless it was in good faith, and for the reasonable value of the property.    It does 2. not necessarily follow that, because the sale was to the sons of the receiver, it was therefore in bad faith, or for any fraudulent purpose. The consideration paid was in excess of the appraisement made by three disinterested gentlemen, whose integrity and qualifications are not questioned, and in excess of the estimate put upon the property by the appellee at a time when its value was no greater.    It satisfactorily appears that the property was sold for its full value.    In view of the unsalable character of the

property; the fact that it was about to be lost to the partnership by the tax sale; that it was sold for full value, with the express consent of the appellants, and the implied consent of the appellee, in good faith and without fraud,—we think the sale and conveyances should have been approved. If there was anything to show that the parties interested would be benefited by another sale, or that they are in any respect prejudiced by the present one, we might reach a different conclusion; but, believing that a confirmation of this sale is for the best interest of all parties concerned, the judgment · of the district court must be reversed, and a decree entered approving said sale, and the conveyances made thereunder. REVERSED.