## JACKSON v. FIRST STATE BANK OF CLARK et al.

An application for an order should clearly and definitely state the reasons or grounds on which it is based.

Where no objection was made to moving papers for failure to clearly state the grounds on which the motion was based, the objection would be regarded as waived on appeal.

While a receiver is ordinarily prohibited from purchasing any portion of the trust property, a sale in which the receiver is interested is only voidable at the election of the beneficiary whose subsequent conduct may preclude him from objecting thereto.

Rev. Civ. Code, § 1619, provides that beneficiary, having capacity to contract, with full knowledge of the motives of the trustee, and of all the facts concerning the transaction, without the use of any influence on the part of the trustee, may permit the latter to take part in a transaction concernig the trust property in which the trustee has an interest adverse to the beneficiary, and section 2431, declares that the law neither does nor requires idle acts. Held, that where the purchase of a bank's assets from a receiver, by a bank in which the receiver was interested, was permitted by the insolvent bank's stockholders, or they were not injured thereby, the sale would not be vacated. because of the receiver's interest.

Where a motion to set aside a receiver's sale of a bank's assets because of the receiver's interest and to appoint a new receiver involved contradictory testimony and required a determination of the credibility of witnesses, the court, in the absence of statutory inhibition, was authorized to direct a reference or submit the issues of fact to a jury.

Where a motion to set aside a receiver's sale of a bank's assets and to appoint a new receiver involved the determination of doubtful questions of fact, the court was not bound to determine the facts on ex parte affidavits but might either have required oral testimony or denied the motion with leave to institute an independent suit in equity.

Where nonresident stockholders of an insolvent bank moved to set aside a receiver's sale of its assets and for the appointment of a new receiver, it was error to deny the motion without prejudice to another application for the same relief, provided the moving parties within 30 days deposited $500 with the clerk to abide the orders of the court; the only protection the receiver was entitled to being security for costs as provided by Rev. Code Civ. Proc. § 433.

(Opinion filed, November 20, 1907.)

Appeal from Circuit Court, Clark County. Hon. JULIAN BENNETT, Judge.

Action by A. J. Jackson against the First State Bank of Clark and others. From an order denying a motion to set aside

certain orders in proceedings for the dissolution of defendant bank, and refusing to appoint a new receiver, but without prejudice to the institution of another proceeding on terms, the moving stockholders appeal. Modified and affirmed.

C. L. Sheldon and C. G. Sherwood, for appellants. S. A. Keenan, for respondent.

HANEY, J. This action was instituted by a stockholder of the First State Bank, a domestic corporation, on March 14, 1904, to have such corporation declared insolvent and a receiver appointed. All proceedings were by default until January 20, 1905, when the apppellants, certain nonresident sockholders, moved the court "to vacate and set aside the sale of the assets of said defendant corporation, and each and every item thereof, as contained in a certain report made by said receiver and filed August 3, 1904; also, that the order of said court entered in the above entitled cause, dated July 30, 1904, and filed August 3, 1904, approving and confirming said sale, be vacated and set aside; also, that the order entered in the above entitled cause, dated July 30 ,1904, and filed August 3, 1904, approving and confirming the sale of the real estate in said order described, be vacated and set aside; also, that the order of said court finding a deficit of $15,000, and directing the receiver to bring suit against certain stockholders in said order specified, dated July 30, 1904, and filed August 3, 1904, be vacated and set aside; also, that the order entered in said cause authorizing said receiver to sell certain real estate therein specified conveyed to him by Carl Jackson, at private sale, dated July 30, 1904, and filed August 3, 1904, be vacated and set aside; also, that the order entered in said cause confirming and approving the sale of certain real estate, therein described, at private sale, to the Ware & Griffin Bank, dated August 10, 1904, and filed August 12, 1904, be vacated, and set aside; and, also, that the said Fred Ware, receiver of said bank, be removed from his office as such receiver, and some competent and discreet person appointed in his place, for the reasons set forth in the affidavits of said parties hereto annexed." Upon the hearing of this motion, numerous affidavits were read in support of and in opposition thereto, and the court made an order denying the same without prejudice to

another application for the same relief, provided the parties making such application would, within 30 days, deposit $500 with the clerk to abide the orders of the court. The order also provided that a referee might be appointed to investigate all the facts and circumstances relating to the conduct of the receiver, prescribing details of procedure which need not now be stated. From this order the present appeal was taken.

Neither appellants' notice of motion nor application specified any grounds for the relief sought. The court was asked to vacate orders previously entered in the ordinary course of a litigation, of which it clearly had jurisdiction, "for the reasons set forth in the affidavits" of the applicants for such relief. Nowhere in the voluminous affidavits referred to are the grounds for the application specified. An application for any order should clearly and distinctly state the reasons or grounds upon which it is based, that the trial court may be advised of the issues involved, that the opposing party may be advised of the issues he is required to meet, and that the appellate court may know that it is not called upon to review issues not presented to the trial court. But this objection was not made to the moving papers, and should be regarded as having been waived by the receiver. It was disclosed that the receiver, soon after his appointment, became interested (to what extent did not appear) in the Ware & Griffin Bank, which purchased or assumed nearly all of the state bank's debts, and to which a large portion of the latter's assets were sold pursuant to an order of court, after notice by publication in a newspaper published at Clark, in this state, where both banks were located. The purchase or assumption of the insolvent bank's debts was known to and acquiesced in by the appellants. So the only substantial objection to the conduct of the receiver related to the sale of the assets. While ordinarily a receiver, from considerations of public policy, is prohibited from purchasing any portion of the trust property, it does not necessarily follow that all sales in which a receiver is interested, as a purchaser, should be vacated. Though a sale by a trustee of trust property to himself may be presumptively irregular, the presumption is not conclusive. Such a sale is not per se void. It is simply voidable at the election

of the beneficiary, and the conduct of the latter may preclude him from asserting its invalidity. Chandler v. Cushing-Young S. Co., 13 Wash. 89, 42 Pac. 548; Patterson v. Ward, 6 N. D. 609, 72 N. W. 1013; Yetzer v. Appelgate, 85 Iowa 121, 52 N. W. 118. In all matters connected with his trust a trustee is bound to act in the highest good faith towards his beneficiary. It he uses or deals with the trust property for his own profit, in any manner, he may, at the option of the beneficiary, be required to account for all profits so made or to pay the value of its use, and, if he has disposed thereof, to replace it, with its fruits, or to account for its proceeds, with interest. Rev. Civ. Code, §§ 1617, 1618, 1626. Nevertheless a beneficiary, having capacity to contract, with a full knowledge of the motives of the trustee, and of all the facts concerning the transaction which might affect his own decision, and without the use of any influence on the part of the trustee, may permit the latter to take part in a transaction concerning the trust property in which the trustee has an interest adverse to the beneficiary. Id. 1619. Such permission may result from express consent or failure to make timely objection. "The law neither does nor requires idle acts." Id.2431. If, therefore, the purchase of these assets by the bank in which the receiver was interested was permitted by the appellants, or if they were not injured thereby, the sale should not have been vacated, and the material issues of fact were (1) whether appellants permitted the sale; and (2) whether any loss resulted therefrom,

Touching these issues, the evidence was conflicting and no findings were made, the trial court, in effect, declining to determine the same upon ex parte affidavits, but without prejudice to a second proceeding for the same purpose, upon complance with the conditions mentioned in the order appealed from. Did the court err in declining to rule directly upon the motion? The practiice of granting relief in cases of this nature by summary application upon motion may be fully established. Undoubtedly the court may, and ordinarily should, try and determine all the issues, both of law and fact, arising upon any motion. Still in cases of doubt and difficulty, where the court is called upon to weigh contradictory testimony and determine the credibility of witnesses, it may, in

the absence of any statutory inhibition, direct a reference or submit the issues of fact to a jury. 14 Ency. Pl. & Pr. 167. Says Mr. Justice Brewer: "While affidavits are ordinarily the only testimony received upon motions, we suppose it is competent for the court in its discretion and in furtherance of justice to call the witnesses before it, and have them examined and cross-examined orally in its presence. We all know how often an affidavit speaks the language of counsel rather than that of the witness, or fails to state all the facts; and great injustice might be done if the court had no power to bring the witnesses before it, and have them examined in its presence. We do not decide that a party has a right to proceed in this way, but simply that the court may permit it." State v. Stakhouse, 24 Kan. 445. Moreover, the circumstances of any particular case may be such as to justify the court in declining to entertain a motion which ordinarily would be entirely proper. As where the relief sought by a motion could be granted only after the determination of grave and doubtful questions of fact, the court may require such questions to be determined by an ordinary action. 14 Ency. Pl. & Pr. 81. Under the peculiar circumstances of the case at bar, we think the court might have determined the facts upon the ex parte affidavits, have required oral testimony or have denied the motion with leave to institute an independant action in equity, wherein the issues could be satisfactorily heard and determined according to the rules of procedure applicable to such actions. Whether, under the statutes of this state, such an action could be sent to a referee without consent, need not now be decided, because, while the order appealed from permitted, it did not require a reference. It did, however, prescribe numerous details as to procedure, which were unnecessary, and one condition which was improper, namely, that appellants should deposit $500 subject to the order of the court. If nonresidents, appellants would be required to furnish security for costs before commencing the contemplated action, the only protection to which the receiver and the interests he represented were entitled. Rev. Code Civ. Proc. § 433. Appellants had not mistaken their remedy. They were entitled as a matter of right to a hearing, either on the motion or in an independent action;

and it was clearly improper to impose any other restrictions upon the bringing of such action than those prescribed by the Code of Civil Procedure. Hence the order appealed from should have merely denied the motion without prejudice to appellants' right to commence and maintain an action in equity for the purpose of obtaining the same relief.

The cause will be remanded, with directions to modify as indicated herein. In view of the substantial nature of this modification, appellants will be awarded usual costs and disbursements.

CORSON, J., not sitting.