Read and wife vs. Sang.

---

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.

═══════════════════

## READ and wife vs. SANG.

PLEADING: *Complaint.—Demurrer: Wife improperly joined with husband as plaintiff.*

1. The objection that the wife is made co-plaintiff when the husband should bring the action alone, may be taken by demurrer.

2. In an action founded upon an alleged fraud of the defendant, whereby he procured a husband and wife to convey to him their homestead, upon his agreeing to convey to the husband other land, to which it is alleged he had no title, there being no allegation showing that the title of the homestead was not wholly in the husband: *Held*, that the wife was improperly joined with him as plaintiff.

APPEAL from the Circuit Court for *Fond du Lac* County. The complaint avers that, on &c., plaintiffs, who then were and still are husband and wife, bargained with defendant for certain described lands in Iowa to be conveyed by him to the plaintiff *Chauncey Read*, and also to borrow of defendant $100, for which they were to execute to him their note; that defendant falsely and fraudulently represented himself to plaintiffs as the owner of said lands, &c., &c.; that, confiding in the truth of such representations, plaintiffs agreed to convey to him therefor their homestead, consisting of certain described lands in Fond du Lac county in this state; that defendant then and there executed and delivered to said *Chauncey Read* a conveyance of said Iowa lands, and loaned to plaintiffs $100; and plaintiffs conveyed to him said lands in Wisconsin, and executed and delivered to him a promissory note for $100 for the money so loaned, and another note for $200 as a part of the consideration for said Iowa lands; that defendant in fact had no title whatever to said lands; that he has conveyed to

other parties the lands in this state deeded to him by plaintiffs; that none of said lands in Iowa have been conveyed by plain· tiffs or either of them; that plaintiffs have offered to return to defendant his said deed and the $100, and are ready and wil· ling to reconvey said Iowa lands to defendant and to refund the $100, &c. A judgment for $2,500 is therefore demanded.

The defendant demurred to the complaint as not stating a cause of action, and also for a defect of parties plaintiff, in that *Mrs. Read* should not have been joined as a plaintiff; and he appealed from an order overruling the demurrer.

*Blair & Coleman*, for appellant, to the point that the improper joinder of husband and wife as plaintiffs could be reached by demurrer, cited *Klein v. Hentz*, 2 Duer, 633; *Brownson v. Gifford*, 8 How. Pr. R., 395; *Smith v. Kearney*, 9 id., 466.

*Gillett & Conklin*, for respondents. [No brief on file.]

DIXON, C. J. The complaint clearly states a cause of ac· tion in which the husband alone is interested. The deed of the lands in Iowa, conveyed or agreed to be conveyed by the defendant, was made to the husband; and from all that is al· leged concerning the title to the homestead of the plaintiffs in the county of Fond du Lac, the inference must be that it was in the husband, and that the wife joined in the conveyance to the defendant because it was the homestead and the husband could not otherwise transfer it. If the wife had title to the whole or any part of the homestead, or any separate estate or interest in it, it became necessary for the pleader distinctly to aver the facts, in order that her interest in the action might appear. Without such averment, it will be taken that the property belonged to the husband, and that the wife cannot sue for any loss of or injury to it. *Dunderdale v. Grymes*, 16 How. Pr. R., 195. See also *Duress v. Horneffer*, 15 Wis., 195, and cases there cited.

The wife being joined where the husband alone should have

sued, the question comes up, whether the objection can be taken by demurrer. There is great conflict of opinion in New York as to whether a demurrer will lie for the misjoinder or excess of parties plaintiff in other cases. *Walroth v. Handy*, 24 How. Pr. R., 353, and cases cited. But in the case of husband and wife who sue together for a cause of action in the husband alone, it has been held to be a defect of parties for which a demurrer will be sustained. It was so decided in *Dunderdale v. Grymes*, above cited, and for peculiar reasons, namely, that no judgment can be given in favor of the defendant and against the wife in such cases ; or at all events, that such a judgment would be of no avail to indemnify a defendant for the costs of a suit improperly brought, and therefore justly defended. We adopt the rule of that case, and hold that the demurrer ought to have been sustained.

*By the Court.*—The order is reversed, and the cause remanded with leave to the plaintiffs to amend their complaint as they shall be advised, and to proceed in the action within such rea' sonable time as the circuit court shall direct.