KUCERA, imp., Respondent, vs. KUCERA and wife, Appellants.

*November 9 — November 28, 1893.*

*Demurrer: Misjoinder of plaintiffs.*

The question of misjoinder of plaintiffs, or whether the complaint, as to one or more of several plaintiffs, states a cause of action against the defendants, cannot be raised by demurrer, under sec. 2649, R. S.

APPEAL from the Circuit Court for *Kewaunee* County.

This action was brought to redeem the premises described in the complaint from a mortgage thereon held by the defendants. It appears from the complaint that the defendant *John Kucera*, on the 3d of January, 1891, was the owner in fee of the premises, and he conveyed the same (his wife joining in the deed) to their son, Joseph Kucera, and his wife, Mary, and at the same time took back from them a bond in the sum of $1,500, conditioned for the maintenance of the defendants, *John Kucera* and his wife, *Josephine*, during their natural lives and life of the survivor of them, and this bond was secured on the premises by said mortgage to the defendants. On the 7th day of April, 1892, their son, Joseph, one of the grantees in said deed, died intestate, his wife, Mary Kucera, the other grantee, and their infant daughter, *Mollie*, one of the plaintiffs in this action, surviving him; and afterwards, July 21, 1892, the said Mary Kucera deeded said premises to her father, *John Srnka*, who is the other plaintiff in the action. The plaintiffs allege that they are now the owners in fee of the premises, and that they had tendered to the defendants the amount secured by the bond and mortgage, and are now ready to pay the money into court, etc.

The defendants made answer to the complaint as to the plaintiff *John Srnka*, and as to the plaintiff *Mollie Kucera*

they demurred thereto, " in so far as it relates to or attempts to state a cause of action in favor of the plaintiff *Mollie Kucera* and against these defendants, for the reason that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action in favor of said *Mollie Kucera* against the defendants." The defendants appealed from an order overruling the demurrer.

*Geo. B. Byron*, for the appellants.

For the respondent there was a brief by *John Wattawa*, attorney, and *Nash & Nash*, of counsel, and oral argument by *L. J. Nash*.

PINNEY, J. The demurrer in this case is of a somewhat anomalous character, and presents the question whether, where an action is brought by two or more plaintiffs, the defendant may demur to the complaint in so far as it relates to one of the plaintiffs only, for the reason that it does not state facts sufficient to constitute a cause of action in favor of such plaintiff and against the defendants, it being conceded that the complaint does state facts sufficient to warrant a recovery in favor of the other plaintiff.

The ground of demurrer specified by subd. 6, sec. 2649, R. S., " that the complaint does not state facts sufficient to constitute a cause of action," must, as in other cases, be specified " in the language of the subdivision of sec. 2649 relied upon." A demurrer so limited and qualified as this does not seem to be allowed by the statute, but had it been in the general language of subd. 6, under repeated decisions of this court from which we see no reason to depart, it must have been overruled. The objection is, in substance, that there is a misjoinder or excess of parties plaintiff. The statute does not permit a demurrer upon the ground that there is a misjoinder of parties plaintiff or defendant. This is not a defect of parties, within subd. 4, sec. 2649.

Misjoinder and excess or superfluity of parties are identical. *Read v. Sang*, 21 Wis. 678. That a misjoinder or excess of parties defendant is not the ground of demurrer has been expressly ruled in *Great Western Compound Co. v. Ætna Ins. Co.* 40 Wis. 373; *Murray v. McGarigle*, 69 Wis. 484. But the defendants so improperly joined may demur separately on the ground that the complaint does not state facts sufficient to constitute a cause of action. *Arzbacher v. Mayer*, 53 Wis. 380. In *Read v. Sang*, 21 Wis. 678, it was held that the objection that the wife had been improperly joined as a plaintiff with her husband in an action in which the entire interest was in him was allowed for the peculiar reason that no judgment could be given in favor of the defendant in such case against the wife. In *Willard v. Reas*, 26 Wis. 540, it was held that a demurrer for excess of parties plaintiff is bad if one of them is entitled to judgment against the defendant; and *Marsh v. Waupaca Co.* 38 Wis. 250, is to the same point. In *Schiffer v. Eau Claire*, 51 Wis. 385, 393, a demurrer by a defendant to the complaint on the ground that, as to one of the plaintiffs, it did not state facts sufficient to constitute a cause of action, was overruled. And in *Boyd v. Beaudin*, 54 Wis. 194, it was held that the joinder of a plaintiff who has no interest is not a ground of demurrer. In *Nevil v. Clifford*, 55 Wis. 161, 166, it was held that, under a general demurrer that the complaint does not state facts sufficient to constitute a cause of action, the fact that there is a misjoinder of parties plaintiff cannot be considered. It is therefore well settled in this state that a demurrer on this ground cannot be allowed.

The case of *Palmer v. Davis*, 28 N. Y. 247, is cited as justifying the demurrer in question, and that conclusion is sustained by the subsequent case of *People ex rel. Lord v. Crooks*, 53 N. Y. 648. These cases, while holding that a misjoinder of parties plaintiff is not a ground of demurrer, hold that any

Kucera vs. Kucera and wife.

special demurrer, such as this is in fact, may be sustained on the ground that the complaint does not, *as to one of the plaintiffs*, state a cause of action, and that the objection may also be raised at the trial, when the complaint will be dismissed as to such plaintiff, but that it will be no ground for dismissal of the complaint as to both plaintiffs. It is worthy of notice that the amended or new Code in New York, adopted since these cases were decided (sec. 488), has specified as a distinct ground of demurrer " that there is a misjoinder of parties plaintiff or defendant." As the defendants can avail themselves of the objection to its full extent at the trial, and there can be but one final judgment in the action, the right to have the objection allowed on demurrer cannot be a matter of much practical advantage or importance, and at best could result only in an order that could not be carried into effect until after a trial as to the other plaintiff. We will adhere to the rule as already settled until, as in New York, the legislature shall change it. If the complaint states a good cause of action in favor of *Mollie Kucera*, it is not denied but that the demurrer was properly overruled. If it does not state facts sufficient to constitute a cause of action in her favor as against them, it is difficult to see how the defendants can be prejudiced, or said to have been aggrieved, by the order appealed from.

It must therefore be regarded as settled, in this state at least, that the question of misjoinder of plaintiffs, or whether the complaint, as to one or more of several plaintiffs, states a cause of action against the defendants, cannot be raised by demurrer, under any of the grounds allowed by sec. 2649, R. S. For these reasons the order of the circuit court must be affirmed, and the cause remanded for further proceedings according to law.

*By the Court.*— It is ordered accordingly.