MERCANTILE STATE BANK OF MINNEAPOLIS v. FARMERS
HOME BANK OF LILY, SOUTH DAKOTA.

FIRST NATIONAL BANK OF MINNEAPOLIS, GARNISHEE.

JOHN HIRNING, INTERVENER.[1]

July 18, 1924.

No. 24,118.

**Intervener in charge of defendant bank.**

1. On July 30, 1923, the intervener because of defendant's insolvency took possession of its business and property, the intervener then being the duly qualified superintendent of banks of the state of South Dakota, and defendant being a bank organized under the laws of that state and doing business therein at Lily.

**Garnishee's debt to defendant became property of intervener by South Dakota statute.**

2. It is *held* that by operation of the statutes of South Dakota the debt then due defendant from the garnishee passed to the intervener when he took possession of defendant's property and business, and there was nothing due or owing defendant from the garnishee when the garnishee summons was served on August 3, 1923.

**Allegation in intervener's complaint sufficient.**

3. The intervener's complaint sufficiently alleges the taking of actual possession of defendant's business and assets.

In an action upon two promissory notes in the district court for Hennepin county, John Hirning, as superintendent of banks of South Dakota, interposed a complaint in intervention praying that the right of intervener in the money garnisheed be declared superior to that of plaintiff or that of the garnishee. The facts were stipulated. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of intervener. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Walter S. Whiton*, for appellant.

*Lancaster, Simpson, Junell & Dorsey, J. H. Colman* and *W. F. Bruell*, for respondent.

[1]Reported in 199 N. W. 575.

HOLT, J.

Plaintiff, an incorporated bank of Minneapolis, this state, sued defendant, a bank at Lily, South Dakota, and garnished The First National Bank of Minneapolis. The facts deemed material were stipulated, and may be thus stated: Defendant, organized and existing under the laws of South Dakota, was doing a banking business at Lily, that state, and, on July 30, 1923, was insolvent. It had a balance of $4,176.60 in its deposit account with the First National Bank, when, on the day mentioned, because of its insolvency, the superintendent of banks of South Dakota, pursuant to its statutes, took possession of the banking office, property and business of defendant and has ever since been in possession thereof. The next day, by direction of the superintendent, the special examiner, placed in charge, wrote the First National Bank of Minneapolis that the defendant bank had been closed by the superintendent of banks, and requested a statement of account and a draft for the balance due. This letter was received by the First National Bank in the morning of August 3, 1923. That bank immediately issued a cashier's check, payable to its cashier, for $4,176.60, the balance in the deposit account of defendant, with direction to the cashier to retain the check until it was ascertained whether there would be any offsets thereto, and if none developed to transmit the same to the special examiner in charge of defendant. Thereafter, in the afternoon of that day the garnishee summons herein was served.

The Rev. Code of 1919 of South Dakota, §§ 8925, 8927, 8928 and 8938, were pleaded and admitted. The substance thereof, bearing on the question here involved, may be thus abbreviated into one sentence: If the superintendent of banks shall have reason to conclude that a bank is in an unsound or unsafe condition to transact the business for which it is organized, or that it is unsafe or inexpedient for it to continue in business, he may forthwith take possession of the property and business of such bank and retain possession until such bank shall resume business or its affairs be finally liquidated; and, upon taking possession of the property and business of any bank, such superintendent shall be authorized to collect all moneys and

debts due to such bank, and may upon order of the court sell or compound bad or doubtful debts and sell any and all real and personal property of such bank. After the service of the garnishee summons and the disclosure revealing the above facts as to the account, the issuing of the cashier's check, and that it was still in the cashier's hands, the superintendent of banks intervened. The trial resulted in his favor. The appeal challenges only the conclusion of law that the intervener, instead of plaintiff, should have judgment against the garnishee for the $4,176.60. If the First National Bank, the garnishee, owed the defendant nothing and had within its control no property belonging to defendant when the garnishee summons was served, obviously the conclusion of law is right. The garnishee at no time had any tangible property of defendant in its possession or control. The relation between the garnishee and defendant was that of debtor and creditor on July 30, 1923, when the superintendent of banks took possession of the property and assets of the latter. That is, the garnishee then owed defendant $4,176.60, the balance in its deposit account. For the purpose of transfer, that debt had its situs at Lily, South Dakota, the domicile of defendant, the creditor. Harvey v. Great Northern Ry. Co. 50 Minn. 405, 52 N. W. 905, 17 L. R. A. 84; Swedish Am. Nat. Bank v. Bleecker, 72 Minn. 383, 75 N. W. 740, 42 L. R. A. 283, 71 Am. St. 492; Gilbert v. Hewetson, 79 Minn. 326, 82 N. W. 655, 79 Am. St. 486; Boyle v. Musser Sauntry L. L. & M. Co. 88 Minn. 456, 93 N. W. 520, 97 Am. St. 538; Stevens v. Tilden, 122 Minn. 250, 142 N. W. 315. It must necessarily follow that when, because of the insolvency of defendant, the superintendent of banks of South Dakato took possession of defendant's business and property the above cited sections of the statutes of that state operated to transfer the debt here in question to intervener, precisely as if a written assignment thereof upon a valuable consideration had been executed by defendant to intervener. Brynjolfson v. Osthus, 12 N. D. 42, 96 N. W. 261. That being so, nothing remained belonging to defendant to garnishee. The garnishment came several days too late. A case much in point is Union Sav. Bank v. Carnegie Trust Co. 37 App. Dist. Colo. 548.

We think there is no valid objection to intervener's pleading. The sections of the statutes of South Dakota above referred to were set out in extenso, the insolvency of defendant was alleged, and that pursuant to such statutes he, the duly appointed superintendent of banks, took possession of defendant's business and property and still remains in such possession. And it was stipulated as fact that possession was so taken and retained under the statutes when defendant was insolvent. Taking possession is ordinarily a pure question of fact, and as such it was no doubt alleged and admitted.

There can be no question but that a debt due a South Dakota resident from a party in Minnesota may be attached or garnisheed. But the question is not involved here, as we view the facts, for the debt had by operation of law already passed to the intervener when the garnishment was attempted.

Having reached the conclusion above stated, no consideration need be given to the effect of what was done by the First National Bank to comply with the request of intervener to transmit to him the balance of the deposit account defendant had with the First National Bank on July 30, 1923, nor to the interesting question, broached by respondent, that even as to tangible property in this state belonging to a nonresident, for whom a receiver has been appointed in the state of his domicile, a resident creditor who attaches such property should not be preferred.

The judgment is affirmed.