HANSON, Respondent, v. FIRST STATE BANK OF VIENNA, Defendant, (Bambenek et al, Appellants).

(208 N. W. 227.)

(File No. 6033.   Opinion filed April 5, 1926.)

**Banks and Banking — Judgments — Mortgages — Superintendent of Banks—Judgment Foreclosing Mortgage Assumed by Bank Held Not a Claim Against Assets of Bank in Hands of Superintendent of Banks, in Absence of Filing Required Claim (Rev. Code 1919, Secs. 8925, 8927, 8928, 8933, 8976).**

In suit to foreclose mortgage assumed by insolvent bank, commenced two months after right to present claims against bank was barred, in which plaintiff gave notice of no personal claim to superintendent then in charge of bank, judgment foreclosing mortgage and for deficiency held not a claim against bank's assets in hands of superintendent, in view of Rev. Code 1919, Secs. 8925, 8927, 8928, and 8976, in absence of filing claim required by section 8933.

---

Note.—See, Headnote, American Key-Numbered Digest, Banks and banking, Key-No. 80(2), 7 C. J. Sec. 523.

Appeal from Circuit Court, Clark County; Hon. W. N. Skinner, Judge.

Mandamus proceeding by Emil A. Hanson against the First State Bank of Vienna and others. On the hearing the alternative writ was made permanent. From the judgment entered, and from an order denying new trial, defendant A. L. Bambenek, examiner in charge of such bank, and another, appeal. Reversed and remanded, with directions.

*Loucks, Hasche & Foley,* of Watertown, for Appellants.

*Hanten, Hanten & Henrickson,* of Watertown, for Respondent.

GATES, P. J.  Plaintiff held a mortgage upon a quarter section of land in Clark county, executed by Mr. and Mrs. Sogn. Reinhart was tenant in possession.  The First State Bank of Vienna, of which Sogn was president, was taken in charge by the superintendent of banks in July, 1923.  We hereinafter refer to him as the superintendent.  In August, 1923, the Sogns conveyed the land to the bank by a deed delivered to a special examiner in temporary charge of the bank under the superintendent.  The deed contained a clause to the effect that the grantee, the bank, assumed and agreed to pay the mortgage.  The superintendent gave the statutory notice to creditors of the bank (Rev. Code 1919, § 8933), and the time within which to present claims against the bank expired on December 20, 1923, without a claim having been presented on behalf of the bank's liability under assumption of said mortgage.  In February, 1924, plaintiff began an action to foreclose the mortgage, making as parties defendant the Sogns, the tenant, the bank, the examiner in charge, and the superintendent.  The complaint contained the following paragraph: ,

"That no personal claim is made in this action against any of the defendants, excepting the defendants A. M. Sogn, Ida M. Sogn, and the First State Bank of Vienna."

The prayer for relief asked for a deficiency judgment against the Sogns and the bank.  Except for the matter of the appointment of a receiver, which is considered in the companion case, Hanson v. Sogn, 50 S. D. —, 208 N. W. 228, no relief was sought against the superintendent or the examiner in charge except to bar their right of redemption.  No appearance was made by any of the defendants, and in April, 1924, a judgment of foreclosure was entered, which, after applying the proceeds of the foreclosure sale, resulted in a deficiency judgment of $1,468.85 against the Sogns and the bank.  On July 5, 1924, plaintiff presented a proof of claim for such deficiency to the examiner in charge, which was by him rejected.  On July 16, 1924, plaintiff brought this proceeding in mandamus to compel the allowance of the deficiency judgment as a general claim against the assets of the bank in the hands of the superintendent.  Upon the hearing the alternative writ was made permanent, and the superintendent and examiner were so compelled.  From the judgment entered and from an order denying new trial, they appeal.

2—Vol. 50, S. D.

It is urged by appellants that the action of the special examiner in charge in accepting the deed with the assumption clause was not binding upon the superintendent or upon the bank's assets without the express approval of the superintendent and a formal court order ratifying it. Respondent urges that such question has become res judicata. In the view we take of the case we think it unnecessary to pass upon that question. Section 8933, Rev. Code, says that the notice to be given by the superintendent shall require all persons having claims against the bank to present the same with necessary vouchers and proof to the superintendent at a place and within the time stated in the notice, and further provides:

"Any claim not presented at the place or within the time fixed by such notice shall be forever barred."

The language is extremely plain and unambiguous. If respendent thought he had a valid claim against the bank under the assumption clause, we can see no reason why he should not have presented it according to law.

Without discrediting the power of a court of equity to relieve a claimant from the effect of such bar in a proper case, the foreclosure action above referred to was not brought in whole or in part for such relief, nor did the judgment purport to provide for such relief. It is urged by respondent that a presentation of claim for the liability of the bank under the assumption clause in the deed was unnecessary because it was a transaction had with the special examiner in charge, and was had subsequently to the suspension of the bank. It is urged that the situation is analogous to obligations incurred by an administrator in administering an estate. It is urged that the beginning of the foreclosure action was the equivalent of a presentation of the claim, citing McKeon v. Meade County Bank, 156 N. W. 795, 37 S. D. 100 . Even so, the action was not begun until two months after the right to present claims was barred. It is also urged that the foreclosure decree estops the superintendent from asserting that the claim was barred. We have carefully considered all of the points raised by respondent, but find no merit in them. The taking of possession of the bank's property by the superintendent by reason of its insolvency operated to transfer all the property of the bank to him. Rev. Code 1919, §§ 8925, 8927, 8928, and 8976.

Merchants' State Bank v. Farmer's Home Bank, 199 N. W. 575, 160 Minn. 229; Hirning v. Hamlin (Iowa) 206 N. W. 617. When therefore the plaintiff chose in his foreclosure action to give the notice of no personal claim to the superintendent, he cannot successfully contend that the assets in the superintendent's hands were by the foreclosure decree subjected to the payment of his deficiency judgment. In view of the situation, we believe that the judgment in the foreclosure action, in so far as any relief can be obtained thereunder from the assets of the bank in the hands of the superintendent, must be viewed from the same standpoint as though the bank alone had been made a party defendant. In such a situation the judgment would not be a claim against the bank's assets in the hands of the superintendent, in the absence of the filing of the requisite claim. It would not, at the most, be an enforceable judgment unless the bank resumed operation or its affairs were liquidated and the remaining assets, if any, were returned to the bank or its officers. Aside from the matter of the receivership, discussed in the companion case, the only estoppel against the superintendent by the foreclosure decree is as to his right of redemption and right of possession of the mortgaged realty after the expiration of the period of redemption.

The judgment and order appealed from are reversed and the cause is remanded, with directions to dismiss the mandamus proceeding.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.