HANSON, Respondent, v. SOGN et al, Defendants (First State Bank et al, Appellants).

(208 N. W. 228.)

(File No. 5713.  Opinion filed April 5, 1926.)

1.  Mortgages—Superintendent of Banks—Receivers—Foreclosure—Mortgagee Held Not Entitled to Appointment of Receiver in Foreclosure Proceedings, Where Bank Assuming Mortgage Was Insolvent and in Hands of Superintendent of Banks (Rev. Code 1919, Sec. 2475, Subd. 2).

    Mortgagee in proceedings to foreclose mortgage held not entitled to appointment of receiver, under Rev. Code 1919, Sec. 2475, subd. 2, to carry out court's order concerning application of rentals and payment of taxes, where bank assuming mortgage was insolvent and in hands of superintendent of banks; mortgagee being able to secure same relief by application to court in insolvency proceeding.

2.  Banks and Banking—Exclusive Possession and Control of Property of Insolvent Bank Held to Be in Superintendent of Banks (Rev. Code 1919, Secs. 8928, 8930, 8931, 8934, 8936, 8976; Laws 1925, c. 103).

    Exclusive possession and control of property of insolvent bank are in superintendent of banks after such bank is taken over by him, subject to authority of circuit court of county of bank's domicile, in view of Rev. Code 1919, Secs. 8928, 8930, 8931, 8934, 8936, 8976, and Laws 1925, c. 103.

3.  Banks and Banking—Statutory Construction.

    Laws concerning regulation of banks being laws relating to a special subject held paramount to general laws inconsistent with them.

Note.—See, Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 467(1), 27 Cyc. 1625; (2) Banks and banking, Key-No. 63½, 7 C. J. Secs. 12, 517a (Anno.); (3) Banks and banking, Key-No. 4, 7 C. J. Sec. 10, Statutes, 36 Cyc. 1151.

Appeal from Circuit Court, Clark County; HON. W. N. SKINNER, Judge.

Foreclosure proceeding by Emil O. Hanson against A. M. Sogn and others. From an order granting plaintiff's motion for appointment of receiver, defendants First State Bank of Vienna, A. L. Bambenek, examiner in charge, and another, appeal. Reversed.

*Loucks, Hasche & Foley,* of Watertown, for Appellants.
*Hanten, Hanten & Henrikson,* of Watertown, for Respondent.

GATES, P. J. This is a companion case to Hanson v. First State Bank of Vienna, 50 S. D. 16, 208 N. W. 227. Reference is made to the opinion in that case for many of the facts in this. In the foreclosure complaint allegations appear to the effect that the conditions of the mortgage had not been performed, in that a $1,000 installment note, due March 1, 1923, had not been paid, and that the mortgaged property had been sold at tax sale for the non-payment of the 1922 taxes, and it was also alleged that the mortgaged property was insufficient to discharge the mortgage debt, viz., that, while the mortgage with unpaid interest amounted to $13,000, the value of the mortgaged property was only $9,600. These allegations were supplemented by affidavit, which, together with the complaint in foreclosure, were the basis of a motion for the appointment of a receiver. A hearing on the motion was had, in which the superintendent of banks was represented by counsel with the result that an order was made excluding the superintendent from the possession of the property and appointing a receiver with the following powers:

"(1) To demand, collect, and receive all rents for said premises or any part thereof, due and unpaid by tenants, or others, or hereafter to become due. (2) To rent or lease from time to time, not exceeding the period of 12 months from and after the sale of the mortgaged premises, under and pursuant to any decree of foreclosure which may be entered herein, all or any part of said premises, and to keep the buildings thereon insured and in repair,

and to pay the taxes and assessments upon said premises now accrued and delinquent, or to accrue and become due during his receivership. (3) To bring and prosecute all proper actions for the collection of rents due on said premises, as well as all necessary actions and proceedings for the removal of all tenants in default, or other persons, from said premises, and to bring and prosecute all proper actions for the protection of said premises, or to recover possession thereof, or to preserve the same from waste.

[1] From this order the superintendent of banks appeals.

Section 2475, Rev. Code 1919, provides for the appointment of a receiver:

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears * * * that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt."

In view of the decisions in Roberts v. Parker, 85 N. W. 591, 14 S. D. 323, Sherman v. Wichner, 152 N. W. 700, 35 S. D. 436, and Sherman v. Harrisburg Loan Co., 194 N. W. 652, 46 S. D. 497, the order appealed from must be affirmed, unless the statutory provisoins above quoted are qualified by the powers and duties imposed upon the superintendent of banks by the banking laws.

[2, 3] The whole theory of the laws relating to the department of banking is that the exclusive possession and control of the property of an insolvent bank are in the superintendent of banks, subject to the authority of the circuit court of the county of the bank's domicile. Rev. Code 1919, §§ 8928, 8930, 8931, 8934, 8936, 8976; chapter 103, Laws 1925. Hanson v. First State Bank, 50 S. D. —, 208 N. W. 227, decided herewith. In other words the insolvent bank is really in custodia legis. The only diminution of the court's power as compared with a statutory receivership is that it does not appoint the superintendent of banks nor his subordinates, but the court's power over the superintendent and his subordinates is ample without the power of "hiring and firing." The laws concerning the regulation of banks, being laws relating to a special subject, must be held to be paramount to general laws that are inconsistent with the former.

In State ex rel Short v. Norman, 206 P. 522, 86 Okl. 36, a trial court ordered the appointment of receivers in the case of an insolvent bank, and directed the bank commissioner in charge to turn over the assets to the receivers. The Supreme Court prohibited the trial court from carrying out the receivership proceedings, and said:

"The system of laws vitalizing the constitutional mandate being special acts applying only to banks and trust companies, they supersede the provisions of the general laws relating to the dissolution and winding up of the affairs of other corporations. Authorities supporting this conclusion are numerous"—and citing In re Murray Hill Bank, 47 N. E. 298, 153 N. Y. 199; McDavid v. Bank of Bay Minette, 69 So. 452, 193 Ala. 341; Cartmell v. Comm. Bank & Tr. Co., 156 S. W. 1048, 153 Ky. 798; and State ex rel Lofthus v. Langer, 177 N. W. 408, 46 N. D. 462.

The assets of many banks may, and frequently will, be situated in different circuits of this state. Clearly an authority, vested in the circuit judges of circuits other than that of the bank's domicile, to appoint a receiver or make orders touching the administration of the insolvent estate would be inconsistent with the power vested in the circuit court of the bank's domicile to supervise the superintendent. In the present case the same circuit court has the supervisory power over the winding up of the affairs of the bank that would have had power to appoint a receiver had not the case related to a defunct bank. But it was certainly inconsistent with the banking laws for that court to make an order ousting the superintendent from the possession of the bank's property for the purpose of putting a receiver in possession to carry out the court's order concerning the application of the rentals to the payment of taxes.

We can see no reason why a mortgagee, who, under the provisions of subdivision 2 of section 2475, Rev. Code 1919, would in an ordinary case be entitled to relief through the appointment of a receiver, may not get the same relief by application to the court in the insolvency proceedings. If he can, and we so hold, then the machinery provided for securing relief under that section must give way to the machinery provided for winding up the affairs of an insolvent bank. Not only will there then be no con-

flict of jurisdiction between courts and between the superintendent on the one hand and a receiver on the other, but the estate of the insolvent bank will be saved the expense of the receivership.

The order appealed from is reversed, without prejudice to the power of the court in an appropriate application in the insolvency proceedings to make an order directing the payment by the superintendent of appropriate taxes on the mortgaged real estate out of the rental proceeds.

No costs will be taxed in this court.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.