## COMMERCIAL AND SAVINGS BANK OF SIOUX FALLS et al, Respondents, v. ERDMAN, Appellant.

### (208 N. W. 582.)

(File No. 5742.   Opinion filed April 22, 1926.)

1. **Banks and Banking—Pleading—Complaint, Alleging that Bank Suspended Business and Was Placed in Charge of Superintendent of Banks, Held to Sufficiently Show Superintendent to Be Proper Party Plaintiff in Action on Notes (Rev. Code 1919, Sec. 8925).**

   Complaint, alleging that bank suspended business and was placed in charge of the superintendent of banks, held to sufficiently show superintendent to be proper party plaintiff, in action on notes owned by the bank, in view of Rev. Code 1919, Sec. 8925, providing that, if any bank shall suspend, the superintendent shall take possession.

2. **Banks and Banking.**

   Superintendent of banks has legal capacity to sue.

3. **Parties—Demurrer—Whether Superintendent of Banks Is Authorized to Maintain Action on Notes Owned by Bank in His Possession for Liquidation May Not Be Raised by General Demurrer to Entire Complaint (Rev. Code, Sec. 2348).**

   Question whether superintendent of banks is authorized to maintain an action on notes owned by a bank in his possession for liquidation may not be raised by general demurrer to the entire complaint, under Rev. Code, Sec. 2348.

4. **Pleading.**

   Rev. Code 1919, Sec. 2348, enumerates all proper grounds of demurrer.

5. **Bills and Notes—Complaint, Pleading Notes Which Show They Had Matured by Setting Them Out in Full, Alleging Execution**

by Defendant, Nonpayment and Present Ownership by Plaintiff, States Cause of Action.

Complaint, pleading notes which show they matured prior to the commencement of the action by setting them out in full, alleging their execution by defendant, nonpayment and present ownership by plaintiff, state a cause of action.

6. Banks and Banking.

Superintendent of banks acquired right to sue on debts due bank when he took possession of it for liquidation.

7. Parties—Whether Complaint States Facts Sufficient to Constitute a Cause of Action in Favor of Both Bank and Bank Superintendent in Charge for Liquidation Is Not Properly Raised by General Demurrer.

Whether complaint states facts sufficient to constitute a cause of action in favor of both bank and bank superintendent in charge for liquidation is not properly raised by general demurrer.

8. Pleading—General Demurrer to Complaint Will Be Overruled, if Facts Alleged Are Sufficient to Constitute Cause of Action in Favor of Any Plaintiff Against Any Demurrant.

In an action instituted by several plaintiffs, a general demurrer to the complaint will be overruled, if the facts alleged are sufficient to constitute a cause of action in favor of any plaintiff against any party interposing the demurrer.

9. Parties.

Nonjoinder of parties is a statutory ground of demurrer, but misjoinder of parties is not.

Note.—See Headnote (1) ,(2) and (6), American Key-Numbered Digest, Banks and banking, Key-No. 63½, 7 C. J. Sec. 507 (Anno.); (3) Banks and banking, Parties, Key-No. 76(5), 7 C. J. Sec. 507 (Anno.); (4) Pleading, Key-No. 192(1), 31 Cyc. 276; (5) Bills and notes, Key-No. 462(1), 8 C. J. Sec. 1122; (7) Parties, Pleading, Key-No. 88(3), 31 Cyc. 295; (8) Pleading, Key-No. 204(4), 31 Cyc. 332, 333; (9) Parties, Pleadings, Key-Nos. 80(5), 88(3), 31 Cyc. 293, 295.

As to non-joinder of parties, see Bancroft's Code Pleading, Vol. I, pg. 324.

Appeal from Circuit Court, Dougles County; Hon. R. B. Tripp, Judge.

Action by the Commercial & Savings Bank of Sioux Falls and John Hirning, as Superintendent of Banks, against J. F. Erdman. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Walker & Gurley,* of Armour, for Appellant.

*S. K. Grigsby* and *Davis, Lyon & Bradford,* all of Sioux Falls, for Respondents.

MORIARTY, C.  This appeal is from an order overruling a demurrer to the complaint.  The complaint alleges that the plaintiff Commercial & Savings Bank is a state banking corporation; that the plaintiff Hirning is the state superintendent of banks; that on or about January 24, 1924, the plaintiff bank suspended business and was placed in charge of the said superintendent of banks, and is in his charge and control for the purpose of liquidating and closing its affairs.  It further alleges the making by the defendant of two promissory notes payable to the plaintiff bank, setting forth the notes in full.  It further alleges ownership of the notes by the plaintiff bank and their nonpayment.

To this complaint appellants interposed a demurrer alleging: First, that the plaintiff Hirning, as superintendent of banks, has not legal capacity to sue or prosecute the action; second, that the complaint does not state facts sufficient to constitute a cause of action.  The trial court overruled the demurrer, and this appeal is taken from the order overruling it.

Appellant's counsel base their entire argument upon the contention that, to make a cause of action and show Hirning's authority to sue, the complaint must allege facts showing the right of the superintendent to take charge of the bank, and that the complaint herein fails to comply with this requirement.

[1, 2]  The complaint alleges that the bank suspended business and was placed in charge of the superintendent.  Section 8925, R. C. 1919, provides that, if any bank "shall suspend or refuse to make payment of its obligations," the superintendent may forthwith take possession of such bank, and retain possession until the bank resumes business or its affairs are finally liquidated. The facts so pleaded show that Hirning, as superintendent, is a proper party plaintiff under this statute.  That the superintendent has legal capacity to sue has been affirmed by this court.  Hirning as Superintendent v. Oppold (S. D.) 201 N. W. 721; Hirning v. Forsberg et al. (S. D.) 206 N. W. 471.

[3, 4]  The question whether the plaintiff Hirning is authorized to maintain this action cannot be raised by general de-

murrer to the entire complaint under our statute. Section 2348 of Revised Code 1919 enumerates all proper grounds of demurrer in this state.

[5]   As to the contention that the compaint does not state facts sufficient to constitute a cause of action ,the complaint pleads the notes by setting them out in full, alleges their execution by the appellant, their nonpayment, and their present ownership, by the respondent bank. The notes as pleaded show their maturity prior to the commencement of the action. These are the only facts required in an action on promissory notes.

[6]   Therefore, if appellant's theory were correct and Hirning not a proper party plaintiff, the complaint states a cause of action in favor of the bank. But under the decisions of this court, above cited, Hirning acquired the right to sue on debts due the bank when he took possession of its assets, and the complaint states a cause of action in his favor.

[7, 8]   Whether the complaint states facts sufficient to constitute a cause of action in favor of both plaintiffs is not properly raised by a general demurrer. Under our statutory practice, in an action instituted by several plaintiffs, a general demurrer to the complaint must be overruled, if the facts alleged are sufficient to constitute a cause of action in favor of any of the plaintiffs against any party interposing the demurrer.

[9]   Nonjoinder is made a statutory ground of demurrer; misjoinder of parties is not. Mader v. Plano Mfg. Co., 97 N. W. 843, 17 S. D. 553; Evans et al. v. Fall River County, 68 N. W. 195, 9 S. D. 130; Kucera v. Kucera, 57 N. W. 47, 86 Wis. 416.

The order appealed from is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.