SMITH, Superintendent of Banks, Respondent, v. SMITH, Appellant.

(211 N. W. 460.)

(File No. 6301.   Opinion filed December 31, 1926.)

1. **Banks and Banking—Actions—Summons Is Unnecessary to Give Circuit Court Jurisdiction of Affairs of Insolvent Bank (Laws 1923, c. 156, and Rules Thereunder [46 S. D. ix]).**

    No summons is needed to give circuit court jurisdiction of affairs of insolvent bank, in view of Laws 1923, c. 156, and rules thereunder (46 S. D. ix).

2. **Banks and Banking—Attorneys—Fees of Attorney Employed by Banking Department in Liquidating Bank May Be Determined by Order to Show Cause (Laws 1923, c. 156, and Rules Thereunder [46 S. D. ix]; Rev. Code 1919, § 8930, as Amended by Laws 1925, c. 93).**

    Court has jurisdiction to determine fees of attorney employed by banking department in liquidating bank by order to show cause, under Rev. Code 1919 § 8930, as amended by Laws 1925, c. 93, and Laws 1923, c. 156, and rules prescribed thereunder (46 S. D. ix).

3. **Jury—Determination of Portion of Collections Due from Attorney to Banking Department Liquidating Insolvent Bank Is Not Triable by Jury (Const., Art. 6, § 6).**

    Attorney employed by banking department liquidating insolvent bank is not entitled to jury trial on issue of portion of collections which he should turn over, notwithstanding Const., art. 6, § 6.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 63½, 7 C. J. Sec. 480 (Anno.); (2) Banks and banking, Key-No. 63½, 7 C. J. Sec. 480 (Anno.); (3) Jury, Key-No. 19(9), 35 C. J. Sec. 72 (Anno.).

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Proceeding by Fred R. Smith, as Superintendent of Banks, acting in charge of and in behalf of the Colton State Bank of Colton, against Louis H. Smith. Order directing defendant to pay a sum to plaintiff, and defendant appeals. Affirmed.

*Louis H. Smith,* of Sioux Falls, pro se.

*Caldwell, Caldwell & Burns,* of Sioux Falls, and *Roy E. Willy,* of Platte, for Respondent.

GATES, P. J. Defendant, an attorney at law, had been employed by the superintendent of banks in charge of the failed Colton State Bank (hereinafter called the superintendent) to make some collections of the bank's paper. He collected one item of $72.25, upon which the superintendent and the court fixed his fee at $35.85, and another item of $300, upon which the superintendent and the court fixed his fee at $60. This left in his hands due the superintendent after deducting his fees the sum of $276.40. Both of these allowances for fees were fixed and approved by the circuit court of the bank's domicile pursuant to orders to show cause served upon defendant, and at both hearings defendant was present and participated. The order allowing the fee of $35.85 required that he pay the residue of that collection within five days. The other order contained no time limit. Defendant refused to turn over to the superintendent said sum of $276.40 or any sum in excess of $40.32. Thereupon an order was issued by the court and served on defendant requiring him to show cause why he should not pay over said sum of $276.40 forthwith or be adjudged in contempt of court. To this order defendant made special appearance and made sundry objections, which were overruled. He then made demand for a jury trial, which was denied, and then submitted his defense on the merits, which he asserts constituted a counterclaim. Upon the hearing the court found that the defendant had made the collections amounting to $372.25; that the reasonable fee therefor was $95.85 as per the previous orders of the court above referred to; and that due notice of the filing of such orders had been given to defendant; and the court directed him to pay said sum of $276.40 to the examiner in charge within 10 days. Therefrom defendant appeals.

[1, 2] Appellant's first contention is that the court was without jurisdiction because no action was pending in court. His point is that no summons was issued in the insolvency proceeding and also that no summons was issued in the direct proceeding against him. Of course no summons was needed to give the court jurisdiction of the affairs of the insolvent bank. The banking statutes under which the superintendent and the court acquired

jurisdiction over the affairs of the insolvent bank do not contemplate such a step. In so far as matters of procedure are concerned in the handling of the estate, the banking statutes, supplemented by chapter 156, Laws 1923, and the rules prescribed thereunder (46 S. D. ix), where applicable, define the power and duty of the court; and, the property of the failed bank being virtually in custodia legis (Hanson v. Sogn, 50 S. D. 44; 208 N. W. 228), the court, by order to show cause, had full jurisdiction to determine the fees of the attorney employed by the banking department. Rev. Code 1919, § 8930, as amended by chapter 93, Laws 1925.

[3] Neither is there any force in appellant's point that the court erred in denying him a jury trial. A right of trial by jury under such circumstances as here disclosed did not exist at common law, nor is it granted by Constitution, art. 6, § 6.

Appellant's other contentions do not merit discussion. They are controlled by the foregoing.

The order appealed from is affirmed.