## GRANT PRIDE v. BANK OF COMMERCE OF MILBANK, SOUTH DAKOTA, AND OTHERS.[1]

January 28, 1927.

No. 25,765.

**Superintendent of South Dakota banks takes title to moneys of an insolvent state bank on deposit in Minnesota.**

1. Title to money owned by a South Dakota bank, on deposit in a Minnesota bank, passes by operation of law to the superintendent of banks in South Dakota upon his officially taking possession of the South Dakota bank.

**Dismissal of action justified.**

2. Upon an uncontradicted affidavit as to the existence of a foreign statute the court was justified in dismissing the action although by virtue of an unverified reply the existence of the statute was in issue in the case.

[1]Reported in 212 N. W. 3.

**Complaint failed to state cause of action in conversion.**

3. A complaint against the superintendent of banks of South Dakota which alleges only such acts as the statute authorizes, fails to state a cause of action in conversion.

**When jurisdiction over money garnished is not aided by allegation of fraud.**

4. An allegation of fraud arising out of the operation of the bank while insolvent cannot change the character of the original debt, when not connected with the garnishee debt, and is not helpful to acquire jurisdiction.

**When Minnesota court should not entertain jurisdiction of proceedings by Minnesota creditor.**

5. The statute of South Dakota provides a method, very similar to our own, for creditors of a bank, in the hands of a superintendent of banks, to present their claims to the superintendent for allowance as general or preferred claims. Under the rule of comity the courts of this state should not entertain jurisdiction acquired by garnishment proceedings at the instance of a Minnesota creditor to collect his claim from the assets in Minnesota.

Banks and Banking, 7 C. J. p. 727 n. 2 New.
Courts, 15 C. J. p. 1183 n. 70 New.
Garnishment, 28 C. J. p. 116 n. 77 New; p. 314 n. 88 New.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J., dismissing the main action and proceedings in garnishment and from an order denying his motion for a new trial. Affirmed.

*John A. Pearson* and *Louis P. Sheahan,* for appellant:

*Lancaster, Simpson, Junell & Dorsey, J. H. Colman* and *Roy E. Willy,* for respondents.

WILSON, C. J.

Plaintiff claims this is an action for money had and received. He appealed from an order dismissing both the main action and the proceedings in garnishment and from an order denying his motion for a new trial.

Plaintiff, a resident of Minnesota, deposited for collection in a bank at Lindstrom, Minnesota, a certificate of deposit issued by the Farmers & Merchants National Bank of Milbank, South Dakota, for $2,000. The item was forwarded through a St. Paul correspondent to defendant Bank of Commerce of Milbank "for collection and credit." It collected the money on November 16, 1925, and on the following day closed its doors and passed into the hands of defendant Smith, superintendent of banks of South Dakota. The money was never remitted to plaintiff.

Plaintiff did not acquire jurisdiction by personal service but sought to acquire jurisdiction by garnishment proceedings against two banks in Minneapolis. The summons was served by publication. The disclosures showed that the Bank of Commerce had a balance on checking account of $241.38 with one of the garnishees, and $7,768.61 with the other. Defendant Smith demanded this money on November 18, 1925. Garnishee summons was served on December 1, 1925. Defendants' motion to dismiss, made on special appearance, was granted.

1. We adhere to the holding in Mercantile State Bank v. Farmers Home Bank of Lilly, 160 Minn. 229, 199 N. W. 575, that the superintendent of banks in South Dakota takes title to the money which the insolvent banks own at the time he takes possession. Since that decision Rev. Code of South Dakota 1919, § 8938, has been amended by Laws S. D. 1925, c. 94, § 1, so that no creditor can attach or seize any of the assets of a bank in possession of the superintendent. By virtue of the holding of the Mercantile State Bank case defendant bank did not have title to the debt which the garnishees owed. It passed by operation of law from the bank to the superintendent. As to it the action was necessarily dismissed.

2. Plaintiff filed a supplemental complaint under authority of G. S. 1923, § 9367. The answer thereto pleaded the South Dakota statute relative to the superintendent of banks and his duties. An unverified reply put the defendants to the proof of the statute. It is claimed that this was an issue that should have been tried in the usual way. But defendants submitted in support of their motion to

dismiss an affidavit stating the existence of the statute. This affidavit standing undenied justified the court's action.

3. It is urged that a cause of action for conversion is stated against the superintendent. The difficulty with this claim is that his possession is lawful and therefore not conversion.

4. The complaint alleges that the bank was fraudulently in operation while insolvent and it is therefore claimed that the Mercantile State Bank case does not control. Upon this theory, if there were liability it would be of the defendant bank only and would avail nothing because the bank is not in court since it no longer has title to the debts owed by the garnishees. Fraud cannot change the character of the original debt when not connected with the debts owed by the garnishees.

5. Assuming, without deciding, that the complaint states a cause of action against the superintendent for money had and received, it does not permit plaintiff to prevail. We are urged to give special recognition to plaintiff because he is a resident of our state. We doubt the propriety of such action. If a citizen of this state could thus defeat the purpose of the superintendent and gain an advantage over other creditors in South Dakota, we see no reason why vigilant South Dakota creditors might not come into our courts and also gain such preference. Moreover such a holding would be detrimental to Minnesota banks and business interests, for the reason that the superintendent in South Dakota might very properly, under such circumstances, use his great influence to have the South Dakota banks carry their balances and reserves elsewhere. It is the duty of the courts to stabilize, not disturb, business. Our business interests should logically serve western territory. Under such circumstances state lines are not important to the judicial mind. The superintendent is entitled to more consideration at our hands than a foreign receiver of an ordinary corporation. He is a statutory liquidator under the laws of a sister state whose statute, much like our own, provides that creditors shall present their claims for allowance before resorting to the courts. He may allow a claim as preferred. He holds the assets in trust for the creditors including plaintiff. If we should take jurisdiction, the result would be an

undesirable situation which would hinder a just administration of the assets involved. We think in fairness to all and in the wholesome administration of justice the possession of the superintendent should withdraw all property of the bank from the jurisdiction of foreign courts as completely as if it were removed to the other state. We think that this should be the rule of comity. It results in an orderly procedure. Some authorities tend to support this suggestion. In re Bean, 207 App. Div. 276, 201 N. Y. S. 827; Martyne v. American Union Fire Ins. Co. 216 N. Y. 183, 110 N. E. 502; Wulff v. Roseville Tr. Co. 164 App. Div. 399, 149 N. Y. S. 683.

Affirmed.

HOLT, J., took no part.