# In re CITIZENS' STATE BANK OF NEWARK.

## (218 N. W. 630.)

(File No. 6520, 6521.   Opinion filed March 24, 1928.)

Roy E. Willy, of Platte, and Buell F. Jones, of Britton, for Appellant.

Gardner & Churchill and George E. Longstaff, all of Huron, for Respondent Spratt.

MISER, C.   On June 23, 1923, F. Spratt, respondent, obtained a judgment in the circuit court of Beadle county in the Ninth judicial circuit, against the Citizens' State Bank of Newark and one Peterson, president of said bank.   The town of Newark, in which said bank was located, is in Marshall county, in the Fifth judicial circuit.   On July 22, 1924, execution on the judgment was issued at Spratt's request directed to the sheriff of Marshall county. On August 14, 1924, a purported levy was made by said sheriff on the contents of the bank, including the contents of the bank vault.   This vault was built into, and was an integral part of, the bank building.   At the time of the levy and for many days thereafter, this vault was so locked as to prevent the sheriff from entering it and making an inventory of its contents.   Peterson refused to open the vault and made default to an order to show cause why he should not disclose its contents.   On September 18, 1924, Spratt, on a showing that the superintendent of banks had purported to take possession of said bank on August 20, 1924, obtained an order from the circuit court of the Ninth circuit requiring said superintendent to show cause why he should not be compelled to disclose to the sheriff of Marshall county and deliver to his possession the property in the vault, in order that the sheriff might make an inventory thereof and sell the property to satisfy said execution.   In Spratt v. Citizens' State Bank, 50 S. D. 472, 210 N. W. 676, an order of the circuit court of the Ninth judicial circuit granting to plaintiff the relief prayed for was set aside without prejudice to the right of plaintiff to apply for relief in the proper forum.

On February 17, 1927, the circuit court of Marshall county, upon application and affidavits made in Spratt's behalf showing the

foregoing facts as well as his claim as to the levy and the possession of the property both prior and subsequent to the levy, issued an order to show cause requiring the superintendent of banks, appellant herein, to show cause "why the plaintiff should not be authorized, by order of said court, to proceed with the enforcement of the levy made on the property on the 14th day of August, 1924." To this order, the superintendent filed a motion to quash and also a demurrer. On April 13, 1927, the court made and entered its orders denying the motion to quash and overruling the demurrer, and further reciting that "said motion of the said Spratt be granted, with leave, however, to said superintendent of banks to file and serve answering affidavits to said motion." This appeal by the superintendent of banks is, by stipulation, a consolidated appeal from the orders of April 13, 1927.

Appellant contends: (1) That the court had no jurisdiction of the person of the superintendent of banks, whose acts are sought to be controlled by the court's order; (2) that the court had no jurisdiction of the subject-matter of these proceedings, the same being in the possession of the superintendent of banks for the purpose of liquidation; and (3) that the court erred in making its orders for the reason that the showing presented by the moving party was, on its face, insufficient to warrant the relief sought, in that (A) the proof offered in respondent's affidavits establishes that, if any valid levy was made, it has been abandoned, and (B) that the sheriff never had any possession of any specific property by virtue of any legal levy or otherwise.

Consider, first, appellant's third contention. Whether the court would have granted or denied to respondent the right to proceed had appellant presented a counter-showing is conjectural. Instead of attempting to determine on mere affidavits—of which appellant complains—the question as to there being a valid subsisting levy, the court might have required oral testimony or proceeded otherwise. Jackson v. First State Bank of Clark, 21 S. D. 484, 488, 113 N. W. 876; 42 C. J. 470. The fact that, upon a full hearing, there may be presented to the court grave and difficult questions of fact is no reason for quashing the motion. We are therefore of the opinion that respondent's showing was sufficient, under the circumstances, to warrant the court in making the order which it actually did make.

Appellant's first and second contentions may be considered together. Appellant argues that this order to show cause was not issued in any action to which he was a party, and that he is entitled to be summoned in an action before being met with orders to show cause. This underlies his challenge to the jurisdiction of the court over his person and the property of the insolvent bank in his possession.

A question to some extent similar was answered by this court in 'Smith, Supt., v. Smith, 50 S. D. 639, 211 N. W. 460, in the following language:

"Appellant's first contention is that the court was without jurisdiction because no action was pending in court. His point is that no summons was issued in the insolvency proceeding and also that no summons was issued in the direct proceeding against him. Of course, no summons was needed to give the court jurisdiction of the affairs of the insolvent bank. The banking statutes under which the superintendent and the court acquired jurisdiction over the affairs of the insolvent bank do not contemplate such a step. In so far as matters of procedure are concerned in the handling of the estate, the banking statutes, supplemented by chapter 156, Laws 1923, and the rules prescribed thereunder (46 S. D. 9), where applicable, define the power and duty of the court; and, the property of the failed bank being virtually in custodia legis (Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228), the court, by order to show cause, had full jurisdiction to determine the fees of the attorney employed by the banking department. Rev. Code 1919, § 8930, as amended by chapter 93, Laws 1925."

In that case, there was specific statutory authority for the circuit court of that county approving the fees of the attorney. There is no such specific statutory basis for the authority exercised in the case at bar. Respondent contends, however, that the property covered by his levy was in the custody of the court from the time appellant took physical possession on August 20, 1924; that appellant became a statutory receiver of the assets of the closed bank; that, as such statutory receiver, he was an officer and agent of the circuit court of Marshall county, and subject as such officer and agent of the circuit court of Marshall county, and subject as such officer and agent to its orders and directions in the control that the law gave it of this trust; in other words, that the court already

had jurisdiction of the person of appellant and jurisdiction of the subject-matter without the necessity of service of summons in an independent action. Respondent relies upon Smith, Supt., v. Smith, supra, Hanson v. Sogn, supra, and Dockstader v. Hirning, 50 S. D. 264, 209 N. W. 542, and upon Spratt v. Bank, supra, which, he contends, states the law of this case.

■ ■ We are of the opinion that the circuit court of Marshall county did have jurisdiction of the person of appellant and of the subject of the action sufficient to try and determine the issues of law and fact arising on the motion, leaving to the sound discretion of that court the question whether it could fairly and adequately try the issues in that summary manner. We are also of the opinion that, if a valid levy had been made prior to appellant's taking charge of the bank, and if that levy has not since been abandoned, appellant holds possession subject to respondent's lien. This is not for the reason, as respondent contends, that, inasmuch as appellant is a statutory receiver, he takes possession subject to existing liens and equities, including prior executions levied upon the bank's property, relying on Albien v. Smith, 24 S. D. 203, 123 N. W. 675. It is for the reason that we find nothing in the banking statutes taking away from respondent the right given by our law to any judgment creditor to levy execution upon the non-exempt property of a judgment debtor.

While this court has said, in Hanson v. Sogn, supra, that "the insolvent bank is really in custodia legis," and in Smith v. Smith, supra, has spoken of the property of the failed bank as "being virtually in custodia legis," and while the powers and duties of the superintendent have been compared to the, to some extent similar, powers and duties of receivers, whether property of an insolvent bank in the hands of the superintendent is subject to existing liens is not determinde by the doctrine of "in custodia legis" or by the law of receivership. The phrase "in custodia legis," while easy to translate, carries a variety of implications, and the powers, duties, and rights of receivers depend largely upon the nature of the particular action and the purposes of the receivership. Albien v. Smith, 26 S. D. 551, 128 N. W. 714. Whether, therefore, we assume or whether we do not assume that the possession of the superintendent is that of a statutory receiver, if the property of which the superintendent takes possession is free from existing

liens and equities, including prior executions levied upon the bank's property, it is because some provision of the laws relating to insolvent banks has dissolved said liens. In Hanson v. Sogn, supra, this court said:

"The laws concerning the regulation of banks, being laws relating to a special subject, must be held to be paramount to general laws that are inconsistent with the former."

Appellant cites us to sections 8976 and 8938. Section 8976 deals only with attachment liens. Section 8938 in 1924 was as follows:

"No creditor of any individual bank, or of individual members of any partnership doing a banking business in this state, shall be permitted to attach or seize under any warrant of attachment or execution, or to hold liable for such individual indebtedness, any of the assets of the bank, until all the depositors and creditors of such bank have been fully paid."

Even if it be assumed though we do not decide, that this section applied to banks other than private banks, it is apparent that we have here no levy for "such individual indebtedness" as was prohibited by section 8938 as it appeared in our banking law in 1924.

Appellant cites us to no other banking statute which would take away from a judgment creditor of a bank not in the hands of the superintendent that right to levy execution on the bank's property given by general law, nor are we cited to any statutory provision dissolving the lien of a valid levy of execution when so made.

We therefore conclude that a prima facie showing was made by respondents sufficient to justify the court in denying the motion to quash and in overruling the demurrer, and that the orders appealed from should be, and they are, affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.