JAMES RIVER BANK, Appellant, v. BASTIAN, Respondent

(1 N. W.2d 65.)

(File No. 8415.   Opinion filed November 29, 1941.)

**Sterling & Clark,** of Redfield, for Appellant.
**W. F. Bruell,** of Redfield, for Respondent.

RUDOLPH, J.   This action was instituted by the "James River Bank, a Corporation, Insolvent, in Liquidation" as plaintiff.   The complaint is, as follows:

"Comes now the plaintiff in the above entitled action,

and for its cause of action against the above named defendant, alleges and shows unto the Court, as follows:

"I.   That plaintiff is a corporation organized and existing under the banking laws of the State of South Dakota; that plaintiff became insolvent several years ago and is now in charge of a Board of Trustees selected by the depositors in plaintiff bank for the purposes of liquidation, pursuant to statute.

"II.   That on the 1st day of January, 1932, defendant made, executed and delivered to plaintiff his certain promissory note wherein and whereby he promised to pay to plaintiff on the 1st day of January, 1934, the sum of $500.00, with interest at the rate of 7% per annum until due and at the rate of 10% per annum after due until fully paid.

"III.   That plaintiff is still the owner and holder of said note; that no part of the same has been paid, and that there is now due, owing and unpaid thereon from the defendant to this plaintiff in principal and accrued interest the sum of $912.00, no part of which has been paid, demand having been made therefor.

"Wherefore, plaintiff demands judgment against the said defendant in the said sum of $912.00, together with its costs and disbursements herein.

"Dated at Redfield, South Dakota, this 29th day of December, 1939."

The single question presented by this record is whether the complaint states a cause of action in favor of the named plaintiff.

It is the position of the respondent upon this appeal and was the view of the trial court, that the complaint disclosing upon its face that the James River Bank is in charge of a board of trustees for the purpose of liquidation, such board must be designated as a party plaintiff, and that the only designated plaintiff is not the proper party to maintain the action.

■ There is nothing in the complaint which suggests that the action is in fact brought by the board of trustees in charge of the bank.   In the case of Citizens' Bank of Parker

v. Kasten, 54 S. D. 339, 223 N. W. 214, which was an action brought to recover stockholder's liability, it appeared that, while the action was brought in the name of the bank, nevertheless, it was in fact brought by the superintendent of banks as appeared from paragraph 2 of the complaint in that action. This court in that case held that there was no requirement that the action be brought by the superintendent of banks in his own name, but the opinion in the case clearly indicates a requirement that the type of action there involved be brought by the superintendent of banks either in his own name or in the name of the bank. That case cannot, therefore, be considered authority for this instant action wherein there is no showing that the board of trustees in charge of liquidation did in fact bring the action. Neither can the case of Commercial & Savings Bank v. Erdman, 50 S. D. 97, 208 N. W. 582, be considered as authority in support of the present action. In that case it appears that the superintendent of banks brought the action naming both himself and the bank as plaintiffs. It was held that the superintendent of banks acquired the right to sue upon the debts of the bank when he took possession of its assets, and that was the only holding necessary to the opinion. While it was said in that opinion that the complaint also stated a cause of action in favor of the bank, such statement was unnecessary. Under the allegations of the present complaint this is an action brought by the bank, itself, during the time the bank was in the hands of a board of trustees for the purpose of liquidation. Under the statutory proceedings for the liquidation of an insolvent bank by its creditors, the local liquidating committee or board of trustees simply replaces the superintendent of banks. SDC 6.0624 and 6.0625. This court has held that the taking of possession of the bank's property by the superintendent of banks by reason of its insolvency operates to transfer all of the property of the bank to him, and that in a foreclosure action where plaintiff chose to give notice of no personal claim against the superintendent of banks, he could not enforce a deficiency judgment obtained against the bank in the same action by resort to the assets of the bank in the hands of the superintendent.

Hanson v. First State Bank of Vienna, 50 S. D. 16, 208 N. W. 227. In this last-cited case this court cited with approval the Minnesota case of Mercantile State Bank v. Farmers' Home Bank, 160 Minn. 229, 199 N. W. 575, 576, wherein the Minnesota court construing relevant South Dakota statutes said: "* * * when, because of the insolvency of defendant, the superintendent of banks of South Dakota took possession of defendant's business and property, the above-cited sections of the statutes of that state operated to transfer the debt here in question to intervener [Superintendent of the Banks of South Dakota], precisely as if a written assignment thereof upon a valuable consideration had been executed by defendant to intervener."

■■ There is a division among the authorities upon the general question of whether the appointment of a receiver suspends a corporation's right to sue or be sued. 19 C.J.S. Corporations, § 1500. We are convinced, however, that under our statutory provisions relating to insolvent banks and this court's prior interpretation of those provisions, the suspension of a bank because of insolvency and the subsequent taking over of the bank's affairs by the superintendent of banks or a board of trustees operates to transfer all property of the bank to the liquidating agency and suspends the bank's power to sue during the course of the liquidation. The complaint disclosing that the James River Bank is insolvent and in the hands of a board of trustees for liquidation under the provisions of our statutes, it follows that the bank is without power to maintain this action and no cause of action has been stated in favor of the bank, the only named plaintiff.

■ Appellant contends that under the provisions of SDC 33.0411 the trial court was without authority to dismiss the action. We are unable to agree with this contention. This is not a question of misjoinder of parties, but simply an attempt by the bank to bring an action at a time when the bank was without such power. No question of dropping or adding parties from or to the named parties is involved. What appellant really desires is a substitution of parties, i. e., a substitution of the board

of trustees for the bank, without a request therefor having been made in the trial court. Whether the court could have under any circumstances made the substitution of parties for which appellant here contends, we need not now decide; certainly without a request either from the plaintiff or the board of trustees the trial court was not compelled to make such substitution.

The decree of the trial court is affirmed.

All the Judges concur.