STATE ex rel. FLANAGAN, Plaintiff, v. TAYLOR, Respondent.

(178 N. W. 985.)

(File No. 4755.   Opinion filed August 16, 1920.   Rehearing denied November 6, 1920.)

1. Constitutional Law—Emergency Clause Re Support of Government, Operative When—Whether For Support of Government, Question For Court, Whether Emergency Exists, Question For Legislature—Former Decision Invoked.

Following the interpretation in Hodges v. Snyder, 178 N. W. 575, of Const., Art. 3, Sec. 22, providing that no act shall take effect until ninety days after adjournment of session at which it was passed, unless in case of emergency, to be expressed in its preamble or body, the Legislature shall by two-thirds vote otherwise direct, held, that the act approved June 26, 1920, passed at the late special session of Legislature, and known as House Bill No. 12 (Chap. 43-20,) became operative on that date, provided it may be construed an act providing for support of state government; the rule of interpretation being, that a law necessary for support of state government, etc., is not subject to referendum and takes effect in accordance with Sec. 5111, Rev. Code 1919, unless an emergency is declared, and that whether the law is one for support of state, etc., is a question for the courts to decide, while whether an emergency making it necessary that the law go into immediate effect is question for Legislature, conclusively evidenced by declaration of emergency.

2. State—Governmental Powers, Functioned Through Departments, Departments Through Officers, Involving Provisions Re Sal-

aries, Compensation, Expenses—"Support," Re Constitution,
As Financial Support—Stenographers' Compensation Act,
When Effective.

The state itself is an ideal person, the government an agent.
In exercise of governmental powers, the state functions through
the respective legislative, executive, and judicial departments,
each department functioning through its officers and employees;
and support of state government implies and embraces all nec-
essary provisions for their salaries, compensation and expenses.
The word "support," in Art. 3, Sec. 1, Const., excepting from
the initiative and referendum provisions thereof laws necessary
for support of state government, etc.    Held, further, that
whether activities of such officers and employees are state-wide
or local, they all discharge their functions under state authority;
the mode of compensation being within control of state, and
whether the source of payment is from state or county treasury
is immaterial; therefore, enactments providing or affecting their
compensation are for the support of state government, within
meaning of the constitutional provision; and act approved June
26, 1920, of special session, and known as House Bill No. 12,
(Ch. 43, Sp. Sess. 1920,) providing that official shorthand re-
porters for circuit courts shall be paid out of county treasury
$10. per day for each day's attendance on court, and that, when
required to leave county of residence to perform such duties,
they shall be paid necessary expenses, etc., whose emergency
clause declared the act necessary for support of state govern-
ment, etc., became effective on approval by Governor.

3.   Court Reporters—Circuit Court Stenographers, Compensation Of,
Per Diem Allowed By Judge Re Default Cases, Whether Auth-
orized—Statute Construed.

Under Sec. 5188, Rev. Code 1919 (Sec. 669, Pol. Code 1903,)
before its amendment by Ch. 43, Sp. Sess. 1920, relating to
compensation of official shorthand reporters, that section made
it duty of reporter, under court's direction, to take down oral
instructions of judge, if given, objections made and exceptions
taken during trial, in all criminal cases, and in civil cases when
either party or judge directs, also such other matter as court
shall order, and that for each day actually and necessarily em-
ployed in performance of such duties he shall receive such sum,
not exceeding $10. per day, as judge may fix, to be audited and
paid on judge's order, by county or sub-diviison herein service
is rendered, with proviso that such per diem shall not be allowed
except for days of a term of court when judge is present and
presiding and engaged in hearing or trial of a cause on the
calendar.    Held, that thereunder, circuit judge has no authority
to allow reporter per diem for taking testimony in default
cases, even though services were performed under his direction,

and whether performed in county of his residence or otherwise; the specific duties prescribed in said section relating solely to trials of issues of fact. That cases the statute requires to be placed on trial calendar are those only which are at issue on questions of law or questions of fact, authority to place them on calendar being found in Sec. 2494, Rev. Code 1919 (Sec. 238, Code Civ. Proc. 1903;) that the statute prescribes no duties to be performed by reporter as to trials of issues of law. **Held,** further, that under Sec. 1, Ch. 43, Sp. Sess. 1920, providing for payment to official reporters for circuit courts $10. per day from county treasury, and that when required, in discharge of official duties, to leave county, city or town of residence, their actual and necessary hotel, living and transportation expenses shall be paid,' the official reporter is entitled to the $41.45 demanded by him in his application for writ of mandamus, pursuant to said act. So **held,** where reporter, at direction of circuit judge, short-handed on four separate days, testimony in four default cases pending in Beadle county (of his residence,) and in two default cases pending in Kingsbury county; no business having been transacted by court on those days save taking of such testimony, and where he performed services as reporter in Stanley county.

Original application by the State of South Dakota on the relation of Walter J. Flanagan, as Court Reporter, for a writ of mandamus, against Alva E. Taylor, as Judge of the Ninth Judicial circuit, State of South Dakota, for certain allowances for salary, fees and expenses as such reporter. Writ denied in part, granted in part.

*Walter J. Flanagan,* Plaintiff pro se.
*Alva E. Taylor,* Defendant, pro se.

SMITH, J. Original proceeding in mandamus. Plaintiff was official shorthand reporter in the circuit court of the Ninth judicial circuit. Defendant was judge presiding in said circuit. This proceeding relates to certain allowances for salary, fees, and expenses claimed by plaintiff. Two questions are presented: First, whether an act approved June 26, 1920, passed at the late special session of the Legislature, and known as House Bill No. 12. (chapter 43, 1920), became effective by reason of its emergency clause; second, whether under the law relating to official shorthand reporters, in force prior to the above date, they should be allowed an amount per diem for services in taking testimony in default cases. House Bill No. 12, supra, provides that official

shorthand reporters for the circuit courts of the state shall be paid out of the county treasury $10 per day for each day's attendance upon court, and that, when required in the discharge of their official duties, to leave the county of their residence to perform such duties, they shall likewise be paid their actual and necessary hotel, living, and transportation expenses. The emergency section declares the act to be necessary for the support of the state government and its existing institutions, declares that an emergency exists, and that the act should be in full force and effect immediately after its passage and approval.

In the case of Hodges v. Snyder, 178 N. W. 575, this court held that:

"A law that is necessary for the support of the state government or its existing public institutions is not subject to the referendum in any event, and will go into effect in accordance with the provisions of section 5111, Rev. Code 1919, unless the Legislature declares the existence of an emergency, under section 22, art. 3 Const., in which case such law will go into effect immediately or at such time as the Legislature may fix. * * * Whether a law is, in its substance and effect, a law for the preservation of the public peace, health, or safety, or for the support of the state government and its existing public institutions, is a question for the courts to decide, subject to the rule that in case of doubt the legislative will should be given effect. Whether an emergency exists which makes it necessary that a law belonging to either one of these two classes should go into immediate effect is a question for the Legislature, to be conclusively evidenced by a declaration of emergency under the provisions of section 22, art. 3, of the Constitution."

[1] Under this interpretation of the constitutional provisions referred to, which we believe to be correct, the act of June 26, 1920, became operative on that date, provided it may be properly construed as an act providing for the support of the state government. In Poindexter v. Greenbow, 114 U. S. 290, 5 Sup. Ct. 914, 29 L. Ed. 185, that court said:

"The state itself is an ideal person, intangible, invisible, immutable. The government is an agent, and, within the sphere of the agency, a perfect representative."

[2] In the exercise of its governmental powers, the state

functions through its three departments, the legislative, executive, and judicial, and each of these departments functions through its various officers and employes. Support of the state government certainly implies and embraces all necessary provisions for salaries, compensation, and expenses of its officers and employes. The word "support," therefore, clearly includes financial support. State ex rel. Brislaw v. Meath, 84 Wash. 302, 318, 147 Pac. 11. In State ex rel. v. Clausen, 85 Wash. 260, 270, 148 Pac. 28, 32 (Ann. Cas. 1916B, 810), construing a provision of their Constitution identical with our own, that court said:

"The intent and purpose of the people, as gathered from the words of the Constitution, and the circumstances attending the adoption of the Seventh Amendment, impels the holding that the people intended to use the word 'support' in its fullest sense. When so considered, 'support' includes appropriations for current expenses, maintenance, upkeep, continuation of existing functions, as well as appropriations for such new buildings and conveniences as may be necessary to meet the needs and requirements of the state in relation to its existing institutions. In Webster's New International Dictionary the word 'support' is given the following definitions: "To furnish with funds or means for maintenance; to maintain; to provide for. To enable to continue; to carry on.' "

The activities of officers or employes may be state-wide or local; yet all act in the discharge of their several functions, under authority of the state. The mode in which compensation is paid them is wholly within the control of the state, and the source of payment, whether from the state or county treasury, is immaterial. It follows that enactments which provide or affect the compensation for existing public officers and employes are for the support of the state government, within the meaning and intent of the constitutional provision under discussion. We are of the view that the act of June 26, 1920, became effective upon its approval by the Governor.

[3] Prior to the amendment (chapter 43, Sp. Sess. 1920) of section 5188, Rev. Code 1919, (section 669, Pol. Code 1903), the statute provided that:

"It shall be the duty of such reporter, under the direction of the court, to take down in shorthand the oral instructions of

the judge, if any such oral instructions are given, the objections made and exceptions taken during the trial in all criminal cases, and in civil cases when either of the parties or the judge direct, and also such other matter as the court shall order, and for each day actually and necessarily employed in the performance of such duties, he shall receive such sum as may be fixed by the judge, not exceeding ten dollars per day; to be audited and paid by the county or subdivision wherein such services shall be rendered, upon the order of the judge: Provided, such per diem shall not be allowed to the reporter except for days of a regular or adjourned term of the court, when the judge shall be present and presiding and engaged in the hearing or trial of a cause upon the calendar."

Upon the record before us it apears to be conceded that the judge of said circuit did fix the compensation of the shorthand reporter, for the performance of duties required under this section, at the sum of $10 per day for each day actually and necessarily employed in the performance of such duties. It appears also to be conceded that plaintiff, at the direction of the judge in open court, took down in shorthand on four separate days the testimony in four default cases pending in the circuit court of Beadle county, and also performed similar services in two default cases pending in Kingsbury county on two separate days. For these services plaintiff makes claim to four days per diem to be paid by Beadle county, and two days' per diem to be paid by Kingsbury county, alleging the refusal of the defendant to order payment therof. It appears to be conceded on the record that no business was transacted by the court and that no other official services were rendered by plaintiff on the particular days for which he claimed per diem, except the taking of testimony in one or more of these default cases.

The sole and decisive question upon this branch of the writ is whether, under this statute, the judge has authority to allow per diem compensation to the reporter for taking testimony in default cases. This question turns wholly upon the interpretation to be given the section quoted and the limitation found in the proviso. A careful consideration of the entire section forces us to the conclusion that the legislative intent was to limit the per diem compensation of the reporter to services performed in

the trial of issues of fact in civil and criminal cases properly on the court calendar. The specific duties prescribed in this section each relate solely to trials of issues of fact. The reporter is required to take in shorthand the oral instructions of the judge in such trial when given, objections made and exceptions taken during trials in criminal cases, and in civil cases, when either of the parties or the judge directs, and such other matter as the court shall order. For performance of such duties he shall receive, etc. If any doubt remains as to the intent of the statute, the limitation in the proviso of payment of the per diem for service to services in trials of issues of fact, in cases upon the calendar, removes it. Cases which the statute requires to be placed upon the calendar are only those which are at issue upon questions of law or questions of fact. Authority to place such cases upon the calendar is found in section 2494, Rev. Code 1919 (section 238, Code Civ. Proc.) The statute prescribes no duties to be performed by the reporter in connection with trials of issues of law. His duties relate exclusively to trials of issues of fact. It necessarily follows that the trial judge is without authority to order payment of a per diem for services in default cases, though such services may have been performed under his direction.

As to such claims the writ must be denied. Writ will be granted as to the relief demanded under the act of June 26, 1920.