JOHNSON, Plaintiff, v. JONES, State Auditor, Defendant.

(204 N. W. 15.)

(File No. 5908.   Opinion filed May 14, 1925.)

1.  Statutes—Emergency Laws—Declaration that Act Is Emergency
    Provision So as to Take Immediate Effect Defeating Refer-
    endum Not Conclusive on Courts.

    Declaration of Legislature that act is an emergency provi-
    sion so as to take effect immediately under Const., Art. 3, Sec.
    22, is not conclusive on courts so as to defeat right of refer-
    endum as provided by Sec. 1, but question of emergency is
    for courts.

2.  Statutes—Referendum—Act Reorganizing Rural Credits Board
    Not Emergency Act as Declared, So as to Be Effective Imme-
    diately Defeating Referendum.

    Laws 1925, c. 266, reorganizing and regulating rural credit
    board, Sec. 21 declaring act to be emergency act, held not
    emergency act taking effect immediately, rather than 90 days
    after adjournment of session, as provided by Const., Art. 3,
    Sec. 22, so as to defeat right of referendum under Sec. 1.

Mandamus by Julius H. Johnson against Edward A. Jones,
as State Auditor.   Writ dismissed.

*C. E. DeLand,* of Pierre, for Plaintiff.

*Buell F. Jones,* Attorney General, and *E. D. Roberts,* Assist-
ant Attorney General, for Defendant.

(1)  To point one of the opinion, Defendant cited:   Hodges
v. Snyder, 43 S. D. 166, 178 N. W. 573.

POLLEY, P. J.   At the recent session of the Legislature a
law (chapter 266, L. 1925) reorganizing and regulating the rural
credit board was enacted.   Section 21 of said law reads as fol-
lows:

"Whereas, this act is necessary for the immediate support of
the state government and its existing institutions, an emergency
is hereby declared to exist and this act shall be in full force and
effect from and after its passage and approval."

Said law was approved by the Governor on the 14th day of
March.   Section 3 prescribes the powers and duties of the rural
credit board.   Paragraph (1) of said section reads as follows:

"To employ and fix the compensation of such legal counsel
as shall be necessary to prosecute, enforce and protect the rights
of the state."

Pursuant to the provisions of said law, and assuming the same to be in force, the rural credit board on the 16th day of March appointed the plaintiff herein, Julius H. Johnson, assistant counsel to said board, and fixed his compensation at $3,600 per annum. Plaintiff entered upon the duties of such appointment on the 19th day of March, and on the 2d day of April he presented to defendant, who is the state auditor, a voucher properly receipted and approved by the Governor as chairman of the rural credit board for the amount due for his services from the time of his appointment to the 1st day of April, and demanded from the Auditor a warrant on the state treasurer for such amount. Defendant refused to issue said warrant, because said voucher was not approved by the Attorney General. Whereupon plaintiff applied for, and there was issued to him, an alternative writ of mandamus directed to defendant, and requiring him to issue said warrant or to show cause why the same had not been done.

[1] The Attorney General, appearing for defendant in response to the said writ, moved to quash the same upon the ground, among others:

"That it appears upon the face of said petition and upon the face of said writ that the purported employment of said Julius H. Johnson was made under a statutory enactment not in effect at the date of said purported employment and not in effect at this date."

This motion brings in question the validity, or rather the effectiveness, of the emergency clause attached to said chapter 266.

Prior to the amendment of 1898, section 1, art. 3, of the Constitution, read as follows:

"The legislative power shall consist of a senate and house of representatives."

And section 22 of said article read as follows:

"No act shall take effect until ninety days after the adjournment of the session at which it passed, unless in case of emergency (to be expressed in the preamble or body of the act) the Legislature shall, by a vote of two-thirds of all the members elected of each house, otherwise direct."

At the general election held in 1898, section 1 of article 3 was so amended as to read as follows:

"The Legislative power of the state shall be vested in a Legislature which shall consist of a senate and house of representatives, except that the people expressly reserve to themselves the right * * * to require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect. * * * "

The effect of this amendment was to establish the general policy of direct legislation in this state to the extent, at least, of permitting the electors to pass judgment on all laws enacted by the Legislature before the same became effective. But, realizing that emergencies might arise where the public necessity might require that a law become operative before a vote of the people could be taken, and realizing that the functioning of the government might cease, if appropriation acts for the support of the state government could be subjected to the referendum, the following exception was incorporated into the amendment:

"Except such laws as may be necessary for the immediate preservation of the public peace, health or safety, and the support of the state government and its existing public institutions."

In the case of State ex rel Lavin v. Bacon, 14 S. D. 284, 85 N. W. 225, this court, in construing the above amendment, held that section 1 of article 3 must be read in connection with section 22 of the same article, and that, inasmuch as section 22 was not amended, it was controlling of section 1, and that, where the emergency clause provided for in section 22 was added to or incorporated into an act, it went into effect immediately, notwithstanding the amendment to section 1. In other words, the court read into the amendment the following clause: "And except also such laws as are passed with an emergency clause as provided by section 22." The effect of this was to make the action of the Legislature conclusive on the courts. It also placed it within the power of the Legislature to nullify the referendum clause in the Constitution in any case where the Legislature, by a two-thirds vote, attached an emergency clause to any law enacted. But in Richards v. Whisman, 36 S. D. 260, 154 N. W. 707, this holding was overruled, and it was declared that the question of emergency is one for the courts. In this latter case, speaking of the exception found in section 1 of article 3, we said:

"As to all emergency measures and acts within the purview of this exception, the Legislature may declare an emergency to exist, for the purpose and to the end that such enactment may at once go into effect, and such declaration and finding as to the existence of such emergency is final, and not within the power or province of the courts to question. But as to any measure, law, or enactment clearly not within the class of emergency measure specified within said exception, the Legislature has no power or authority to declare an emergency to exist in relation thereto, by any vote, however large the same may be; and the action of the Legislature in embodying emergency clauses in measures clearly not comprehended within the said exception are wholly unwarranted and void, and should be so held by the courts. Not that the act itself would be void, but the emergency clause would be void, with the result that the act would not go into effect until the 1st day of the next July, and also with the result that, in the event of a proper referendum petition being filed as required by law, such enactment would not go into effect until approved by a majority of the electors of the state." State v. Meath, 84 Wash. 302, 147 P. 11; State v. Clausen, 85 Wash. 260, 148 P. 28, Ann. Cas. 1916B, 810.

In Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575, this matter was considered at length. In that case we said:

"Whether a law is in its substance and effect a law for the preservation of the public peace, health, or safety, or for the support of the state government and its existing public institutions, is a question for the courts to decide, subject to the rule that in case of doubt the legislative will should be given effect."

This rule was again followed in State ex rel Flanagan v. Taylor, 43 S. D. 264,178 N. W. 985; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715; and State ex rel Klepper v. Steenland, 46 S. D. 342, 192 N. W. 749, and may now be regarded as the settled rule in this state.

[2] The only question then to determine is whether there is anything in the act (chapter 266, L. 1925) that makes its immediate operation or enforcement necessary for the support of the state government and its existing public institutions; or, in other words, to take it out of the general provisions of section 1, art. 3, that:

"Any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect."

Plaintiff claims that, because the act sets aside and makes provision for paying out certain sums of money, it is an appropriation law, and therefore for the support of the existing public institutions. But that is not the object or purpose of the law. The law was passed for the purpose of "reorganizing and regulating" the rural credit board.

Whether the rural credit board is an arm of the state government, or is a public institution of the state, it is not necessary now to inquire. The board was fully equipped and in operation. It had ample funds at its disposal with which to carry on all of its operations. Indeed, the money that plaintiff claims was appropriated by chapter 266 had already been appropriated and set apart for the exclusive use of this board, and the appropriation therein is merely a diversion of such money from one use to another use within the original appropriation, thought to be necessary by the change in the law, and not because it was necessary for the support of the state government and its existing public institutions.

The rural credit act was originally passed at the behest of the people pursuant to a constitutional amendment. The question as to whether the state shall retire from the field of making farm loans as provided in the act before us is one which the people ought to have the right to decide by invoking the referendum, if they so desire, and we hold that, notwithstanding the so-called emergency clause, the electors of this state may, by proper petition filed within 90 days after the adjournment of the last session of the Legislature, refer the said law.

The referendum clause in section 1 of article 3 is as much a part of the Constitution as any other part thereof, and must be observed and treated with the same respect as any part; and the Legislature has no right to disregard it nor to nullify it by attaching an emergency clause to a law that in fact is not an emergency law. What we said on this point in Hodges v. Snyder, supra, is equally applicable to the law involved in this case. We are fully satisfied that chapter 266, L. 1925, is not an emergency law as

defined by section 1 of article 3 of the Constitution, and that the same will not go into effect until the 1st of July next.

This disposes of the whole case, and it is not necessary to consider the other questions presented by the briefs.

The alternative writ of mandamus issued herein will be dismissed.