THE FARMERS' & MERCHANTS' BANK, Respondent, v. TOMLINSON, et al, Appellants.

(225 N. W. 305.)

(File No. 6221. Opinion filed May 7, 1929.)

*C. A. Kelley* and *T. H. Luby,* both of Huron, for Appellants.
*Roy E. Willy,* of Sioux Falls, and *T. H. Null, McCoy &
McCoy,* and *Gardner & Churchill,* all of Huron, for Respondent.
*Cherry, Davenport & Braithwaite,* of Sioux Falls, amici curiæ.

BROWN, J.   On November 6, 1925, plaintiff bank suspended, and was taken over by the superintendent of banks for the purpose of liquidation.   On February 5, 1926, the superintendent of banks, on a petition showing that deposit creditors of the bank, representing more than 80 per cent of the amount of deposits at the date of suspension, had joined in executing an agreement in writing for a reorganization plan, procured from the circuit court of Beadle county an order to show cause on February 15, 1926, why the bank should not be reinstated as a solvent corporation under the reorganization plan, and why the remaining depositors should not be held subject to the terms of said agreement.   The order provided that notice to all deposit creditors of the bank should be given by publication of a copy of the order in one issue of a daily paper published in Huron in Beadle county at least one week before the time fixed for hearing.

On the return day of the order, appellants appeared specially and objected to the jurisdiction of the court over both the person of the appellants and the subject-matter of the proceeding, which being overruled by the court, appellants made return to the order, alleging that on the date of the suspension of the bank appellants had deposits in the bank aggregating $5,478.50; that they had not consented, but object, to the reorganization plan and agreement; that chapter 104 of the Laws of 1925, pursuant to which the proceedings for reorganization were had, is unconstitutional as impairing the obligation of their contract as depositors with the bank, and also as depriving them of their property without due process of law.   From the judgment of the trial court overruling the objections, and approving and confirming the order of the superintendent of banks in reinstating plaintiff bank as a solvent corporation in conformity with the provisions of chapter 104, laws of 1925, this appeal is taken.

██  The court had jurisdiction of the subject-matter of the proceeding.   The superintendent of banks has exclusive control of the property of insolvent banks, subject to the supervision of the circuit court of the bank's domicile.   Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228.

██  Nor can the contention of defendants that due process of law requires that they should be personally served with notice of the application for reorganization be sustained.   In Smith v. Smith,

50 S. D. 639, 211 N. W. 460, it is said that, in so far as matters of procedure are concerned in handling the estates of insolvent banks, the banking statute, supplemented by chapter 156, Laws of 1923, relating to the administration of trusts, and rules prescribed thereunder (46 S. D. ix), where applicable, define the power and duty of the court, and that the property of the failed bank is virtually in custodia legis.

■ Counsel who appear as amici curiæ strenuously contend that chapter 104, Laws of 1925, is unconstitutional, but take the position that the rules relating to trusts are applicable to the present case, and that Rules 7 and 12 prescribe the notice required to be given in case of reorganization of insolvent banks. Rule 7, in substance, provides that notice of all hearings on reports by a trustee shall be given by mailing copies of the notice at least ten days prior to the time of hearing, to all persons interested in the trust, addressed to them at their last known places of residence and post office addresses, as the same appear in the files of the case; and Rule 12 provides that the court may direct additional notice to be given by posting or publication or by personal service, either within or without the state; but these provisions for notice plainly apply to the hearings required on the annual, special, and final reports which preceding rules provide shall be made by trustees of a trust estate, and are not necessarily applicable to proceedings for the reorganization of banks under a statutory provision enacted for the first time long after the adoption of such rules. The application by the superintendent of banks for the order to show cause in this case was neither a final report, an annual report, nor "a special report required of a trustee by the court." It was not in any sense a "report," notice of hearing on which must be given as provided by Rules 7 and 12.

■ We think that Rule 13, which seems designed to cover unforeseen situations, applies to the situation in the case at bar. That rule reads as follows: "All cases not covered by the statute or by these rules shall be adjusted and the procedure in connection therewith fixed by the circuit court"—and we are of the opinion that under it the circuit court could prescribe the kind and length of notice to be given of the hearing on the order to show cause, and such notice if likely to come to the attention of those to be affected by it, is sufficient.

■ If the time and manner of giving or serving notice is specified by statute or rule of court, a party may stand upon the necessity of compliance therewith, but, in the absence of statutory requirement, or rule, notice which enables a party to get into court and present his whole case, fully and completely, cannot be said to deny him due process. We cannot hold that notice which has actually enabled appellants to get into court and present their case as fully as they desired was insufficient to enable them to get into court.

It is said that the bank might have nonconsenting depositors in the remotest parts of the country, and that such notice would be inadequate as to them. If there are any such, it will be time enough to consider the effect of the notice as to them when they complain. If the notice given pursuant to the order to show cause is not sufficient to constitute due process of law as to such depositors, if any, they would not be bound by the proceeding, and would have a right to contest it in a subsequent action. Hoff v. First State Bank, 174 Minn. 36, 218 N. W. 238.

■■ Appellants further contend that chapter 104, Laws of 1925, is unconstitutional as impairing the obligation of contracts and also as depriving them of the liberty of contract. Both of these contentions were made in Hoff v. First State Bank, supra, and carefully considered by the Supreme Court of Minnesota, which held them untenable. We agree with the conclusions reached by that court on these questions, and it is unnecessary to restate the reasoning or cite the authorities referred to in that case. The law of Minnesota which was in question in that case is substantially the same as our chapter 104, Laws of 1925. The record in the case at bar does not disclose that the claim of any of the appellants accrued prior to the time said chapter 104 went into effect, and as to all persons resident in this state and becoming creditors subsequent to the taking effect of that law, the law became a part of their contract and the obligation of the contract could not, therefore, be impaired by the terms of the statute.

The constitutionality of the law rests upon the same principle upon which federal bankruptcy and state insolvency laws permitting composition of an insolvent's debts are held constitutional. The effect of the law upon claims which had accrued prior to its passage or upon claims of objecting nonresidents who had neither

appeared in the proceedings nor been served with notice within the state is not before us in this case, and no opinion is expressed on those points.

The judgment appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.