## In Re OPINION OF THE JUDGES.

(234 N. W. 671.)

(File No. 7224. Opinion filed February 9, 1931.)

Answers to questions propounded to Judges of the Supreme Court by Governor of the State.

Chambers of The Supreme Court.

Pierre, 9 February, 1931.

His Excellency, Warren E. Green, Governor of South Dakota.

Sir: We have the honor to acknowledge the receipt on Saturday afternoon, February 7, of a communication from you, addressed to the judges of this Court, which reads:

"I respectfully request your opinion upon certain important questions of law involved in the exercise of my executive powers as Governor of the State of South Dakota, as follows:

"There has been passed by the twenty-second session of the legislature of the State of South Dakota and I have approved a certain act identified as Senate Bill No. 29, which is entitled:

"'A Bill For an Act Entitled, An Act to Repeal Sections 1 and 2 of Chapter 187 of the Session Laws of South Dakota for 1927, or to Abolish the South Dakota Rural Credit Board and to Create a New Rural Credit Board for the Management and Control of the System of Rural Credits Heretofore Established, Defin-

ing the Powers, Duties and Functions of said Rural Credit Board and its Officers, Repealing Certain Conflicting Provisions and Declaring an Emergency to Exist and Making said Act in Full Force and Effect from and after its passage and Approval.'

"The act would change the official personnel of the rural credit board and would require that I assume supervision by becoming the chairman of the board. It also enforces a reduction of expenses to the extent of $2200.00 per year, and permits a total saving of $5200.00 per year; and possibly some additional saving, depending upon the amount at which the rural credit board might fix the salary of secretary.

"The act also furnishes opportunity for improvement in the conduct of the office, by regulation of the policy of the office thru the Board, and thereby giving them a right to make further reductions in expense by fixing number of employees and amount of compensation, thereof.

"There is an emergency clause attached to the act which, if now in full force and effect, would operate to leave the state without any officers competent to operate the rural credit department; and there would in fact be no persons with statutory authority to satisfy mortgages, renew mortgages, sell real estate, make leases and to perform other functions necessary to the operation of said department.

"If the emergency clause attached to said act is not in full force and effect at present I assume that the present officers could legally perform the functions until July first when the act would take effect, unless it should be stayed by referendum in the meantime.

"It is therefore important that I have your opinion upon the following question:

"Is Senate Bill No. 29, as passed and approved, in fact a law necessary for the immediate support of the state government and its existing public institutions, as declared in the emergency section number six of said act, so that it is immediately effective?"

The judges of this court and their predecessors in office have always been extremely hesitant to render ex parte opinions where substantial private rights are involved, and have entertained the opinion that only the gravest and most urgent necessity would justify the judges in so doing, and the judges have said: "To avoid

grave injustice and abuse, the most extraordinary caution and conservatism should be exercised in propounding and in answering such questions, and the same must relate to matters exclusively juris publici." In re House Resolution No. 30, 10 S. D. 249, 72 N. W. 892. See, also, In re Chapter 6, Laws 1890, 8 S. D. 274, 66 N. W. 310; In re Opinion of the Judges, 34 S. D. 650, 147 N. W. 729.

We have had grave doubts whether the public interest was sufficiently involved in the present situation to justify an answer to your inquiry, but after careful deliberation we have arrived at the conclusion, particularly in view of the scope and extent of the operations of the department of rural credits and its constant and continuous dealings with many tracts of real estate and real estate titles, that we may be justified under the Constitution and consonant in our duty in answering your question.

Since the adoption by the people of this state of the "initiative and referendum" amendment to section 1, art. 3 of the Constitution in 1898, the Legislature has been without power validly to declare an emergency to exist in the enactment of a law, and thereby preclude the application of the referendum to such law unless the act be one within the class excepted from the operation of the referendum by the language of said section 1, art. 3, as amended. That is, the law must be necessary for the immediate preservation of the public peace, health or safety, or for the support of the state government and its existing public institutions.

We are unable to perceive that Senate Bill No. 29 is within any of these excepted classes, and, according to the law established by the uniform line of the decisions of this court on this point since the amendment of 1898, we think it very plainly appears that the act is not within any of those excepted classes. We cite particularly the following cases: State ex rel Richards v. Whisman, 36 S. D. 260, 154 N. W. 707, L. R. A. 1917B, 1 (writ of error dismissed 241 U. S. 643, 36 S. Ct. 449, 60 L. Ed. 1218); Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575; Johnson v. Jones, 48 S. D. 260, 204 N. W. 15; State ex rel Driscoll v. Smith, 49 S. D. 106, 206 N. W. 233; State ex rel Wegner v. Pyle, 55 S. D. 269, 226 N. W. 280.

We therefore answer your inquiry in the negative. In so answering we desire particularly to point out that our answer is

specifically limited to the precise inquiry addressed to us. That is, we give it as our opinion that Senate Bill No. 29 of the Twenty-Second Legislative Session is not in fact a law necessary for the immediate support of the state government and its existing public institutions as declared in the emergency section of said act and is not immediately effective.

Very respectfully yours,

SAMUEL C. POLLEY,
Presiding Judge of the Supreme Court of South Dakota.

DWIGHT CAMPBELL,
N. D. BURCH,
E. D. ROBERTS,
FREDERICK A. WARREN,
Judges of the Supreme Court of South Dakota.