ENGELCKE, Respondent, v. FARMERS STATE BANK OF CANISTOTA, et al, Appellants.

(246 N. W. 288.)

(File Nos. 7332-7335. Opinion filed December 30, 1932.)

*C. H. McCay,* of Salem, and *T. B. Thorson,* of Rapid City, for .Appellants.

*Parliman & Parliman* and *Danforth & Davenport,* all of Sioux Falls, for Respondents.

ROBERTS, J. Plaintiffs instituted these actions to recover upon seven certificates of deposit. The actions were tried together to the court, and the appeal in each of the four actions is from the judgment entered upon findings of fact and conclusions of law in favor of the plaintiffs and from an order of the trial court denying motion for new trial. The appeals are submitted to this court on the same abstract of the record and briefs.

The Farmers State Bank of Canistota, S. D., became insolvent and was placed in charge of the superintendent of banks for purposes of liquidation on October 18, 1925. A sufficient number of the depositors of the bank, acting under the provisions of chapter 104, Laws of 1925, entered into an agreement to reorganize and reopen the bank. The reorganized bank then acquired the assets and liabilities of the Citizens' State Bank of Canistota, S. D., amended its articles of incorporation by changing its corporate name to the Canistota State Bank, and thereafter continued to function under such name.. These actions were started on the 20th of September, 1928, and the Canistota State Bank was not named as a party defendant. The original judgments dated September 3, 1929, were entered against the Farmers' State Bank. The trial court upon application and after hearing thereon made an order in each action granting permission to the plaintiffs to make an amended and substituted complaint to include the .Canistota State Bank as a party defendant. Answers were interposed, and thereafter trial upon the issues presented upon the amended complaints and answers thereto was had. The transcript of the evidence in the former trial was received and additional evidence was submitted. The trial court entered new findings of fact and conclusions of law in each of the actions and on the 9th day of October, 1930, made and entered judgments thereon. The appeals are from these

judgments and from the order in each of the actions denying a new trial. The respondents moved for a dismissal of the appeals on the ground that while the trial court received the testimony and subsequently entered findings of fact and conclusions of law and judgment in each case, the trial court never vacated or set aside the original judgments, and for that reason the appeals, not having been perfected within one year from the time of the entry of the judgments, were ineffectual.

■ ■ Respondents contend that, where process is served against a defendant corporation in the wrong name, and it answers in that name, judgment taken against it is as valid as if rendered against it in the right name; that the defendant bank did not plead such defense, but proceeded to trial under the name alleged in the complaints; that the failure to plead the misnomer constitutes a waiver; and that the judgments of September 3, 1929, are therefore binding upon the Canistota State Bank. The respondents have adopted inconsistent positions. They first sought to modify the judgments to include the Canistota State Bank, and now for the purpose of determining when the time of appeal commenced to run urge that the first judgments entered were valid and final. The subsequent findings and judgments were entered pursuant to the applications of the respondents, and appellants, without questioning the jurisdiction of the court or the regularity of the proceedings, appeared. Additional testimony was submitted, and the actions were then determined on their merits. If full effect is to be given to the action of the trial court, which is not here questioned, the entry of the subsequent judgments amounted to modification and amendment of the prior judgments. Where a judgment is amended, an appeal will lie therefrom within one year after the amendment, though more than one year after the entry of the original judgment. Brown v. Brown, 49 S. D. 167, 206 N. W. 688. The motion to dismiss is denied.

Under the terms of the reorganization agreement referred to, the depositors representing more than 80 per cent of the total deposits of the bank agreed to hold the reorganized bank for 20 per cent of the deposits and to accept in lieu of the remainder certificates of a trustee which were made payable from the liquidation of certain assets of the bank which were transferred to the trustee.

Upon the petition of the superintendent of banks, and order of the circuit court requiring the depositors of the bank to show cause why the bank should not be reorganized as a solvent corporation under the agreement of the depositors and why nonassenting depositors should not be held subject to the terms of the agreement with the same effect as though they had joined in the execution thereof and why their claims should not be treated in all respects as if they had joined in the petition to the court, in the event the bank was reopened for business, was issued. The order directed that a notice of the time and place of hearing be given by publication. Publication was made, and the order to show cause was personally served upon each of the plaintiffs. On the return day, there was no appearance in opposition, and no objections were filed or presented against the action of the superintendent of banks in permitting the reinstatement of the bank, and the circuit court thereupon entered an order decreeing that the depositors of the bank had failed to show cause why the bank should not be reinstated, and approved the action of the superintendent of banks in permitting the reinstatement of the bank as a solvent corporation under the provisions of the statute.

A certificate of deposit dated September 30, 1924, two certificates dated January 2, 1925, and four certificates dated May 15, 1925, issued to the plaintiffs by the Farmers' State Bank of Canistota were received in evidence. The trial court entered findings of fact and conclusions of law, and rendered judgments upon the assumption that the reorganization act, chapter 104, Laws of 1925, was unconstitutional in its application to the certificates of deposit of the plaintiffs herein, and that the act did not go into effect until July 1, 1925, notwithstanding the emergency clause attached thereto and the approval of the act by the Governor on January 31, 1925.

This court has held that a reorganization agreement under the provisions of the 1925 act is not invalid as to nonassenting depositors whose claims did not exist at the time the act went into effect, for the reason that "state insolvency laws are not invalid so far as they discharge the person and after acquired property of the debtor from liability for any contract made with citizens of the state subsequent to their enactment." Farmers' & Merchants' Bank

v. Tomlinson, 55 S. D. 185, 225 N. W. 305; Smith v. Texley, 55 S. D. 190, 225 N. W. 307, 309.

██ Defendants contend that the order of the circuit court approving the act of the superintendent of banks, in reinstating the Farmers' State Bank of Canistota as a solvent corporation, is an adjudication which is conclusive upon the plaintiffs. Due process did not require the issuance of summons to give the court jurisdiction. The banking statutes supplemented by chapter 156, Laws of 1923, relating to the administration of trusts, and the rules prescribed thereunder where applicable, define the powers and duties of the court in so far as matters of procedure are concerned in the handling of the estate of an insolvent bank; the property of a failed bank is virtually in custodia legis. Smith v. Smith, 50 S. D. 639, 211 N. W. 460. The rules of court relating to trust estates have been held applicable, and the kind and length of notice to be given of hearing on order to show cause why a suspended bank should not be reinstated as a solvent corporation under the reorganization act may be prescribed by the circuit court. Farmers' & Merchants' Bank v. Tomlinson, supra.

██ If it be conceded that the reorganization was properly approved, and that such determination is conclusive upon the question of reorganization, it does not follow that the plaintiffs are precluded from establishing their claims. There is lacking an identity of issues. The reorganization act provides that the superintendent of banks may in his discretion permit the reinstatement of a bank as a solvent corporation by having a reorganization plan and articles of agreement executed in writing by deposit creditors representing 80 per cent of the amount of the deposits of the bank, to be determined as of the date of suspension. The statute defines the status of all other depositors who do not sign the agreement. The question of the effect of the reorganization agreement upon depositors who do not sign the agreement was not for determination by the trial court, and the contention of the defendants as to res judicata is without merit.

We come now to consider the effect of the 1925 enactment upon pre-existing contracts. Section 10, art. 1, of the Federal Constitution, provides that "no state shall * * * pass any * * * law impairing the obligation of contracts," and section 12, art. 6,

of the state Constitution, contains in substance and effect the same provisions.

In Sturges v. Crowningshield, 4 Wheat. 122, 197, 4 L. Ed. 549, opinion by Mr. Chief Justice Marshall, it was said: "What is the obligation of a contract? and what will impair it? It would seem difficult to substitute words which are more intelligible, or less liable to misconstruction, than those which are to be explained. A contract is an agreement in which a party undertakes to do, or not to do, a particular thing. The law binds him to perform his undertaking, and this is, of course, the obligation of his contract. In the case at bar, the defendant has given his promissory note to pay the plaintiff a sum of money on or before a certain day. The contract binds him to pay that sum on that day; and this is its obligation. Any law which releases a part of this obligation, must, in the literal sense of the word, impair it. * * * It has been contended, that as a contract can only bind a man to pay to the full extent of his property, it is an implied condition that he may be discharged on surrendering the whole of it. But it is not true that the parties have in view only the property in possession when the contract is formed, or that its obligation does not extend to future acquisitions. Industry, talents, and integrity, constitute a fund which is as confidently trusted as property itself. Future acquisitions are, therefore, liable for contracts; and to release them from this liability impairs their obligation." And in Planter's Bank v. Sharp, 6 How. 301, 327, 12 L. Ed. 447, it is said: "One of the tests that a contract has been impaired is, that its value has by legislation been diminished. It is not, by the Constitution, to be impaired at all. This is not a question of degree or manner or cause, but of encroaching in any respect on its obligation, dispensing with any part of its force." See, also, Ogden v. Saunders, 12 Wheat. 213, 6 L. Ed. 606; Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793.

The effect of the provisions of the statute under consideration upon a nonresident creditor was considered in Hornick, More & Porterfield v. Farmers' & Merchants' State Bank, 56 S. D. 18, 227 N. W. 375. The decision of the federal Supreme Court in Ogden v. Saunders, supra, holding that insolvency laws enacted by states cannot extend beyond their own limits and act upon the rights of

citizens of other states, is made the basis of the decision. It was held that the plaintiff was not bound by the terms and conditions of a bank reorganization perfected under the 1925 statute.

■ The defendants urge that there is nothing to indicate as a matter of fact that the plaintiffs have suffered any loss by reason of the reorganization agreement; that whatever loss the depositors will suffer has been caused by reason of the insolvency of the bank, and not by any action to reinstate the bank as a going concern. This, however, is not the test. If there is an encroachment "in any respect on its obligation, dispensing with any part of its force," it constitutes impairment of the obligation of the contract.

■ ■ The trial court held that chapter 104, Laws of 1925, did not go into effect until July 1, 1925, notwithstanding the emergency clause which provides that, "whereas, this Act is necessary for the immediate support of the State Government and its existing institutions, an emergency is hereby declared to exist and this Act shall be in full force and effect from and after its * * * approval." The Legislature under the provisions of section 1, art. 3, of the state Constitution, is without authority to declare an emergency to exist in the enactment of a law, unless the act is one within the classes excepted from the operation of the referendum; the act must be necessary for the immediate preservation of the public peace, health, or safety or for the support of the state government and its existing institutions. Whether or not the act could have been declared emergent under the police power—an act necessary for the immediate preservation of the public peace, health, or safety—we need not here determine. The emergency declared to exist is for the support of the state government and its existing institutions. The word "support" as used in the constitutional provision under consideration does not extend beyond the furnishing of funds or revenue to meet the needs and requirements of the state. An act providing the procedure for the reorganization of suspended banks does not contribute to the support of the state or its existing institutions. The Legislature exceeded its authority in declaring the act to be in full force and effect from and after its passage and approval. Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715; Johnson v. Jones, 48 S. D. 260, 204 N. W. 15; In re Opinion of the Judges, 58 S. D. 72, 234 N. W. 671.

We have carefully examined the evidence, and conclude that the findings, which the defendants challenge, to the effect that there was a continuation of corporate entity from that which conducted its business under the name of Farmers' State Bank, and which originally became indebted to these plaintiffs to and including the Canistota State Bank, are sustained by the evidence.

The judgments and orders appealed from are affirmed.

All the Judges concur.