STATE, Appellant v. VAN LOH, Respondent

(191 N. W. 2d 294)

(File No. 10853. Opinion filed October 6, 1971)

**Gordon Mydland,** Atty. Gen., **Leonard E. Andera,** Asst. Atty. Gen., Pierre, for plaintiff and appellant.

**Robert C. Heege,** Sioux Falls, for defendant and respondent.

WINANS, Judge.

This case is brought before us on an appeal by the State. It presents but a single question, hereinafter referred to. The trial court held that Senate Bill 192 designated as "An Act establishing the office of the commissioner of drugs and substances control within the office of the attorney general of the state of South Dakota to meet the problem of narcotics, drugs and substances abuse", did not take effect as of and on the date of February 13, 1970.

Senate Bill 192 is Chapter 229 of the Session Laws of 1970 and is found in SDCL 39-17, beginning with Section 44 and following sections of the same chapter, under the heading "Drugs and Substances Control".

The bill as passed had what is referred to as an emergency clause. Section 18 of the bill is as follows, "Whereas, this Act is necessary for the immediate support of the state government and its existing institutions, an emergency is hereby declared to exist and this Act shall be in full force and effect from and after its passage and approval."

The bill passed the legislature by a vote of more than two-thirds of all the members elected of each house. It was approved by the Governor on February 13, 1970.

The trial court held that such emergency clause is not valid because Senate Bill 192 "is not necessary for the support of the government and its existing public institutions." The appeal is from that holding and brings the question before us for decision.

Article III, § 1 of the South Dakota Constitution provides in pertinent part as follows:

"* * * the people expressly reserve to themselves the right to * * * require that any laws which the Legislature may have enacted shall be submitted to a vote of the electors of the state before going into effect, except such laws as may be necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions: * * * "

It is provided in § 22 of the same Constitutional Article:

"No act shall take effect until ninety days after the adjournment of the session at which it passed, unless in case of emergency, (to be expressed in the preamble or body of the act) the Legislature shall by a vote of two-thirds of all members elected of each house, otherwise direct."

In the case of State ex rel. Flanagan v. Taylor, 1920, 43 S.D. 264, 178 N.W. 985, we quoted with approval Hodges v. Snyder, 1920, 43 S.D. 166, 178 N.W. 575, as follows:

" 'A law that is necessary for the support of the state government or its existing public institutions is not subject to the referendum in any event, and will go into effect in accordance with the provisions of Section 5111, Rev.Code 1919, unless the Legislature declares the existence of an emergency, under section 22, art. 3 Const., in which

case such law will go into effect immediately or at such time as the Legislature may fix. * * Whether a law is, in its substance and effect, a law for the preservation of the public peace, health, or safety, or for the support of the state government and its existing public institutions, is a question for the courts to decide, subject to the rule that in case of doubt the legislative will should be given effect. Whether an emergency exists which makes it necessary that a law belonging to either one of these two classes should go into immediate effect is a question for the Legislature, to be conclusively evidenced by a declaration of emergency under the provisions of section 22, art. 3, of the Constitution.' "

And further in Flanagan we said:

"Under this interpretation of the constitutional provisions referred to, which we believe to be correct, the act of June 26, 1920, became operative on that date, provided it may be properly construed as an act providing for the support of the state government."

Quoting further therein from other authority we stated:

"Support of the state government certainly implies and embraces all necessary provisions for salaries, compensation, and expenses of its officers and employes. The word 'support,' therefore, clearly includes financial support."

And quoting still further in Flanagan from other cited authority:

" 'The intent and purpose of the people, as gathered from the words of the Constitution, and the circumstances attending the adoption of the Seventh Amendment, impels the holding that the people intended to use the word "support" in its fullest sense. When so considered, "support" includes appropriations for current expenses, maintenance, upkeep, continuation of existing functions, as well as appropriations for such new buildings and

conveniences as may be necessary to meet the needs and requirements of the state in relation to its existing institutions. In Webster's New International Dictionary the word "support" is given the following definitions: "To furnish with funds or means for maintenance; to maintain; to provide for. To enable to continue; to carry on" ' ".

In the case of Engelcke v. Farmers State Bank of Canistota, 1932, 61 S.D. 92, 246 N.W. 288, this court held:

"The Legislature under the provisions of section 1, art. 3, of the state Constitution, is without authority to declare an emergency to exist in the enactment of a law, unless the act is one within the classes excepted from the operation of the referendum; the act must be necessary for the immediate preservation of the public peace, health, or safety or for the support of the state government and its existing institutions. Whether or not the act could have been declared emergent under the police power — an act necessary for the immediate preservation of the public peace, health, or safety — we need not here determine. The emergency declared to exist is for the support of the state government and its existing institutions. The word 'support' as used in the constitutional provision under consideration does not extend beyond the furnishing of funds or revenue to meet the needs and requirements of the state."

We believe these cited South Dakota cases, together with the authority cited in them, completely answers the question before us at this time.

We, therefore, hold that Senate Bill 192 is not necessary for the support of the state government and its existing institutions and the emergency clause is invalid.

Judgment affirmed.

BIEGELMEIER, P. J., and HANSON and WOLLMAN, JJ., concur.